In the Matter of the Habeas Corpus of
Grady BARLOW.

No. A–12156.

Criminal Court of Appeals of Oklahoma.

Feb. 9, 1955.

George Hill, Kirksey M. Nix, McAlester, for petitioner.

J. Howard Edmondson, County Atty., Ed Parks, Asst. County Atty., Tulsa, for respondent.

JONES, Presiding Judge.

This is an original application instituted by the petitioner, Grady Barlow, for the purpose of being admitted to bail upon a charge of rape in the first degree now pending against him in case No. 80,100 in the District Court of Tulsa County.

22 O.S.1951 § 1102 provides as follows:

"Bail, by sufficient sureties, may be admitted upon all arrests in criminal cases where the punishment may be death, unless the proof is evident or the presumption great; and in such cases it shall be taken only by the Criminal Court of Appeals or a district or superior court, or by a justice or judge thereof, who shall exercise their discretion therein, having regard to the nature and circumstances of the offense, and of the evidence and to the usages of law; but if the case has been tried by jury, and the jury have disagreed on their verdict, then the above presumption is removed, and the defendant shall thereupon be entitled to bail, unless it shall appear to the court or judge thereof, by due proof, that such disagreement was occasioned by the misconduct of the jury."

The evidence of the prosecuting witness without any consideration of the other evidence before us shows the accused is entitled to bail. According to her testimony she had

had one or two dates with the defendant before the time of the alleged assault. Prosecuting witness was 17 years of age and worked in a drug store in Tulsa where she had first met the accused. On the night of the alleged assault the accused and the prosecutrix had driven to a spot north of the City of Tulsa near the Osage County line. It was at this spot the parties remained about an hour and according to the testimony of the prosecutrix, the accused used sufficient force to overcome her resistance and had sexual intercourse with her twice. After the completion of the second act, the accused drove her to her home but when they saw the lights were on, the prosecutrix suggested that they go to the Hamburger King which was a cafe located nearby where the teenagers would meet for hamburgers and soft drinks. In this regard the prosecutrix testified as follows:

"A. When we drove up he said, 'Your lights are still on; let's go get some coffee' and I said, 'Let's go to the Hamburger King'.

"Q. And did you go there?

"A. Yes."

There at the cafe was the sister of the prosecutrix and several other parties that she knew, but no outcry was made to any of them although the prosecutrix did wave and call "Hello" to them. The first report the prosecutrix made of the alleged assault was on the following Wednesday. The state relies for a conviction upon the fact that the resistance of the prosecutrix was overcome by force and violence.

■■ We do not deem it necessary to comment upon the weight of the evidence. It is our opinion, after a full consideration of all the evidence presented, that the petitioner has made a sufficient showing to be entitled to bail. Ex parte Sanders, 77 Okl. Cr. 69, 138 P.2d 560; Ex parte Drake, 88 Okl.Cr. 356, 203 P.2d 719; Ex parte Louis, 85 Okl.Cr. 427, 188 P.2d 710. In Ex parte Louis, supra, it was held:

"The right to bail in a capital case is absolute, unless the proof is evident or the presumption great that defendant is guilty as charged and that in case of

conviction he will probably receive a life sentence or death."

It is therefore ordered that the petitioner be admitted to bail in the sum of $15,000, said bond to be conditioned as provided by law, to be approved by the Court Clerk of Tulsa County and that when said bond is given and approved by the Court Clerk of said county, that petitioner be discharged from custody.

BRETT and POWELL, JJ., concur.