Matter of the Application of Tom **PETERS** on Writ of Habeas Corpus.

No. A–12888.

Court of Criminal Appeals of Oklahoma.

April 27, 1960.

Sam Goodwin, Pauls Valley, Holmes Colbert, Sulphur, for petitioner.

G. Dixie Colbert, County Atty., Murray County, Sulphur, for respondent.

BRETT, Judge.

This is an original action by Tom Peters, who complains that he has been unlawfully restrained of his liberty by the sheriff of Murray County, Oklahoma.

It appears that the cause of said restraint was by reason of an information filed in the District Court of Murray County, Oklahoma, wherein petitioner, Tom Peters, was charged with having committed the crime of murder of one, Billy Don Sullivan, on March 6, 1960, in said County and State.

It further appears that he was granted a preliminary hearing in the Justice of the Peace Court, Honorable Frank Turner, Justice of the Peace, presiding, on March 8, 1960, where he was denied bail.

It also appears that on March 8, 1960, he made application to the District Court of Murray County, Honorable W. J. Monroe, District Judge, presiding, wherein, again, he was committed on said charge without bail.

On April 8, 1960, he filed his application for bail in this Court. A rule to show cause was issued and the matter was set for hearing on April 20, 1960, at which the witnesses were sworn and heard, and the transcript of the proceedings in District Court offered in evidence for and against the granting of bail.

 The court being fully advised in the premises, finds that the proof of guilt was not evident, nor the presumption thereof great, that the petitioner, if found guilty upon the charge as made in the information on file in the District Court, would receive the death penalty or life imprisonment. Wilson v. State, 92 Okl.Cr. 388, 223 P.2d 561; Ex parte Spears, 85 Okl.Cr. 101, 185 P.2d 479. Under such conditions this court has repeatedly held, that the petitioner should be admitted to bail.

This court is of the opinion that bail should be granted in the sum of $20,000, said bond to be conditioned as provided by law, to be approved by the Court Clerk of Murray County, that when said bond is given and approved by the Court Clerk of said county, the petitioner should be discharged from custody to await further orders of the Court.

NIX, J., concurs.

POWELL, P. J., not participating.