Larry Gordon MALOY, Petitioner,

v.

George WAYMAN, Sheriff, Osage County, Oklahoma, Respondent.

No. A–15689.

Court of Criminal Appeals of Oklahoma.

Jan. 14, 1970.

Bill Hall, Pawhuska, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh Collum, Asst. Atty. Gen., for respondent.

PER CURIAM:

This is an original proceeding in which Larry Gordon Maloy has petitioned this court for a writ of habeas corpus, seeking admission to bail pending trial in the District Court of Osage County, Oklahoma, on a charge of rape in the first degree, Case No. CRF–69–689. A rule to show cause was entered and this case was set down for hearing before the Court Referee on November 21, 1969, at which time petitioner, while represented by counsel, took the stand and testified.

It appears that on October 18, 1969, the petitioner was arrested on the above stated charge and confined in the County Jail. On October 28, 1969, a preliminary examination was conducted before the Honorable Mermon H. Potter, Special District Judge, at which time petitioner was bound over for trial on the charge and denied bail. At petitioner's arraignment before the Honorable Don H. Hampton, District Judge, an application for bond to be set

was withdrawn upon the finding of the District Judge that he had no authority or jurisdiction to overrule Judge Potter's denial of bail. Petitioner then sought relief from this court in the instant proceeding.

 Formerly in Oklahoma ˙ criminal proceedings, the justice of the peace or county judge served as examining magistrate. Under judicial reorganization, which became effective on January 13, 1969, the offices of justice of the peace and county judge were abolished and their jurisdiction, functions and powers were transferred to the district courts. See: Oklahoma Constitution, Article VII, Section 7(b). Thus, a judge of the district court, generally a special judge, sits as an examining magistrate in criminal proceedings. Title 22 O.S.1961, § 1102, authorizes a judge of the district court to admit an accused to bail in a capital case. This court therefore holds under the present law an examining magistrate may admit an accused to bail in a capital case, even if he is charged with a crime punishable by death.

After a magistrate orders an accused bound over from preliminary examination for trial in the district court, a judge of the district court, upon proper application and proceeding, may within his sound discretion admit accused to bail or modify the amount of bond notwithstanding the action of the examining magistrate at the preliminary examination. This court therefore holds that a district judge has the authority to entertain an application to admit an accused to bail although the examining magistrate had denied bail.

In Oklahoma, the right to bail in a capital case is absolute unless proof is evident or presumption thereof is great that the defendant is guilty as charged and that in case of conviction he will probably receive a life sentence, or the death penalty. In re Barlow, Okl.Cr., 280 P.2d 477 (1955). Title 22 O.S.1961, § 1102. Oklahoma Constitution, Article II, Section 8. This court has carefully reviewed a transcript of petitioner's preliminary examination in the instant case, as well as his testimony before this court on his application to be admitted to bail, and has thereby concluded that petitioner should be admitted to bail in the sum of $5,000, as was ordered by this court on November 21, 1969.

Writ granted.