UNITED STATES of America ex rel.
Albert E. PASS

v.

William B. ROBINSON, Warden
Allegheny County Jail.

Civ. A. No. 73-169.

United States District Court,
W. D. Pennsylvania.

May 3, 1973.

Harold Gondelman, Pittsburgh, Pa., for plaintiff.

Richard L. Thornburgh, U. S. Atty., Pittsburgh, Pa., Thomas H. Henderson, Jr., Atty., Management & Labor Section, Dept. of Justice, Washington, D. C., Richard Sprague, Asst. Dist. Atty., Philadelphia, Pa., for defendant.

OPINION AND ORDER

WEBER, District Judge.

This is a petition for writ of habeas corpus by a state prisoner being held for trial under three indictments for murder returned in Washington County, Pennsylvania, which case has been transferred to Erie County, Pennsylvania, for trial by Order of the Supreme Court of Pennsylvania. The petition is brought in this court under the provisions of 28 U.S.C. § 2254. Bond was fixed in the sum of $50,000 on each of the indictments for a total of $150,000. The gravaman of the petition is that the bail is excessive and that continued incarceration by reason of his financial inability to furnish such bail will jeopardize his constitutional rights to the effective assistance of counsel in the preparation of

a defense on the merits of the various charges pending against him.

The bond in the sum of $50,000 on each of the indictments for a total of $150,000, was set after a hearing to fix bail before the Court of Common Pleas of Erie County, Pennsylvania, on December 10, 1972. On December 21, 1972,. relator filed an appeal from the above order of the Court of Common Pleas of Erie County, Pennsylvania, to the Supreme Court of Pennsylvania, together with a petition to reduce bail. The appeal and petition were denied without hearing, but after the petition and the answer of the Commonwealth had been submitted.

The transcript of the hearing of December 20, 1972 in the Court of Common Pleas of Erie County, Pennsylvania, on the petition to reduce bail revealed that the state court indicated at the time that it could not distinguish between cases of the relator, Albert E. Pass, and the co-defendant, William Prater, and intended to set bond in the same amount for both. The trial of William Prater was sched-. uled and the court announced that it would give relator Pass the opportunity, following the trial of Mr. Prater, to renew his motion for reduction of bail based on the information at the disposal of the court at that time. William Prater has been tried and found guilty of the three counts of murder charged. There has been no subsequent attempt on the part of this relator to renew the petition in the state court subsequent to the trial of the co-defendant Prater.

A rule was issued upon the respondent and the state authorities on the present petition and a hearing was set for April 18, 1973. The Commonwealth filed an answer to the petition which included the transcript of the proceedings in the state court on the bail hearing, and the petition and answer filed before the Supreme Court of Pennsylvania. At the hearing before this court on April 18, 1973, it was determined that there are no disputed issues of fact that the matter was presented to the court for its determination as a matter of law.

■ It appears to be undisputed that under United States ex rel. Clay Thomas v. State of New Jersey, 472 F.2d 735 [3rd Cir. 1973], this court has no authority to order the state court to reduce bail but this court may grant the writ of habeas corpus to release a state prisoner from custody and then place him under such security in the habeas corpus proceedings as this court deems proper to guarantee his appearance in the state court proceedings.

The evidence produced before the state court judge at the hearing of December 20, 1972 showed that the judge was familiar with the facts and circumstances surrounding the three murders, the relator's pending indictments in Federal District Courts in Pennsylvania and Ohio, the defendant's lack of ties with the Commonwealth of Pennsylvania, and the disposition of indictments brought against six prior defendants charged with these three murders. The court was apprised of the fact that these three murders were "contract" killings or murder for hire, and that three prior defendants had pled guilty to the charges, two had been found guilty after trial by jury, and a co-defendant, William Prater, was shortly to be brought to trial before the state court. The state judge heard testimony from the relator on the stand and could judge the credibility of the relator and his witness.

■ The only function of this court at this time is to determine whether or not the state judge acted arbitrarily in setting bail. We are not to be guided by our judgment of what the bail ought to be, although this court has previously reduced the bail for this relator on the federal charge for which he stands indicted in this court to a $5,000 recognizance bond. We made that determination from the probability that the relator would appear to answer the charges brought against him in this federal district court, as he has appeared in response to summons from other federal courts before these charges were brought. We also recognize the facility

with which the federal law enforcement agencies may locate the defendant and bring him before this court wherever he may be. However, the problem which faced the state court judge is not the same. We believe that the state courts should be free to exercise their prerogative of the due administration of their processes of criminal justice without unwarranted encroachment from the federal courts. Simon v. Woodson, 454 F.2d 161, 165 [5th Cir. 1972]. We cannot act in substitution of judgment for that of the state court unless we are convinced that what the state court did was beyond the range of rational judgment in the face of the facts before it. Mastrian v. Hedman, 326 F.2d 708, 710–711 [8th Cir. 1964]. We note that in *Mastrian, supra,* the United States District Court and the Court of Appeals did not regard the state bail of $100,000 as arbitrary and unreasonable in a murder charge.

While the Supreme Court of Pennsylvania in Commonwealth v. Truesdale, 449 Pa. 325, 296 A.2d 829 [1972] has held that since the abolition of the death penalty defendants in first degree murder cases in Pennsylvania are bailable, nevertheless this decision did not require that all defendants must be admitted to bail.

"We do not intend by this opinion that pretrial bail may not be denied regardless of the circumstances. As noted before, the right to release before trial is conditioned upon the accused giving adequate assurance he or she will appear for trial. If upon proof shown, the court reasonably concludes the accused will not appear for trial regardless of the character or the amount of the bail, then in such an instance bail may properly be denied, regardless of the nature of the charges." (p. 337, 296 A.2d pp. 835–836).

We note that under *Truesdale, supra,* relevant criteria in determining bail include the nature and circumstances of the offense and the state of the prosecution then existing. We are informed that the state court has set June 4, 1973 for the beginning of relator's trial.

The state court did not refuse to admit defendant to any bail. The state court set bail at $50,000 for each indictment. Three persons were murdered at the same time and place which is indicative of responsibility of the same party or parties for all deaths. Realistically then the state bail which we are considering is $150,000. This is not an absolute denial of bail although defendant asserts that he has no possibility of raising such bail.

We are impressed by one outstanding circumstance. As was the case in *Mastrian, supra,* the state court here did not reject relator's application entirely but left the door open to further relief after the trial of the co-defendant William Prater. The present relator testified at the trial of Prater in support of a defense presented by Prater. Prater was convicted by a verdict of a jury on March 26, 1973 on all three counts of murder in the first degree, and the present relator has not seen fit to reapply to the state trial judge who conducted the Prater trial, and who set the present bail, for a reconsideration of his petition.

The present petition was filed on February 27, 1973 at about the time that the trial of the co-defendant William Prater began. Its consideration was held in abeyance pending the completion of the Prater trial. The Prater trial ended with a verdict of guilty on the three indictments of murder against Mr. Prater. Thereafter, on April 11, 1973 this court issued a rule on the respondent and set a hearing for April 18, 1973. By that time the conditions for further relief as mentioned by the state court judge had been fulfilled and this relator was entitled to return to the state court if further evidence justifying a reduction in the bail could be produced. The failure to make such an application either represents a failure to exhaust the available state remedies which is a condition of the granting of

our writ under 28 U.S.C. § 2254(b), or in the alternative an acknowledgment that the considerations upon which the state court judge relied in issuing the order of December 20, 1972 were valid.

The range of latitude resting in this court over matters of bail set by a state court is more limited than that presented by a question of arbitrary or discriminatory administration of other substantive or procedural rights provided by the state. It is not a question of substituting our judgment for that of a state court but amounts to a determination of legal arbitrariness in the administration of the bail right provided to an extent that it constitutes a violation of due process or equal protection. The state court faces problems which are not presented to a federal court. This defendant's presence in the jurisdiction of a Pennsylvania state court was not affected through extradition proceeding but by the service of a state warrant upon him while he was in federal custody in this state under a federal charge. His release on state bail would permit him to leave the jurisdiction so that a state warrant for his arrest would be ineffective against him in a foreign jurisdiction and permit him to contest extradition proceedings to return him to Pennsylvania. In the cases of other defendants charged in these same murders such extradition proceedings consumed one and one-half years. The principal witness against him is an elderly man affected with a serious chronic illness. The possibility of the death of this witness during the pendency of any extradition proceeding was a prospect presented to and reviewed by the state court judge who set the bail in question.

". . . it has always been accepted that, beyond the purpose of assuring presence at trial, a state court may in a particular situation make denial or postponement of the general right to bail where this rationally appears to be necessary to prevent a threat or likelihood of interference with the processes of investigation or the orderliness of trial as to the mat-

ter involved." Mastrian v. Hedman, 326 F.2d 708, 712 [8th Cir. 1964].

From all of the circumstances we are convinced that the state court considered the relevant factors required for the proper consideration of the bail to be required in these multiple charges of murder for hire, and that the bail of $150,000 total for the three indictments was not an arbitrary or unreasonable exercise of the state court's power. The petition will be denied.