**In re Writ of Habeas Corpus of
Olen KENNEDY.**

**No. H–73–23.**

Court of Criminal Appeals of Oklahoma.

July 6, 1973.

S. Daniel George, Sallisaw, for petitioner.

Larry Derryberry, Atty. Gen., Fred H. Anderson, Asst. Atty. Gen., Charles P. Rainbolt, Legal Intern, for respondent.

## OPINION

BLISS, Presiding Judge:

In the District Court of Sequoyah County, Case No. CRF–72–187, petitioner was bound over to District Court for trial for the offense of Murder. Upon being bound over to the District Court, petitioner requested a reasonable bond pending his trial. The trial court denied this bond. On May 14, 1973, petitioner filed a petition in this Court requesting habeas corpus relief and a reasonable bond to be set so that he might be released at his liberty during the pendency of his trial. Upon petitioner's application, this Court will assume original jurisdiction and review the merits of his contentions.

At preliminary the facts revealed that on the 6th day of December 1972, petitioner, Olen Kennedy, and his brother, Lloyd Kennedy, were charged by Information filed in the District Court of Sequoyah County, Oklahoma, with the crime of Murder alleged to have been committed in said county on the 4th day of December 1972 and arising from the alleged felonious and premeditated killing of one Ted Haggard.

A preliminary hearing was held before the Honorable Jess I. Miracle, assigned district judge, but sitting and acting as an examining magistrate, at the conclusion of which the magistrate found the crime of Murder had been committed and that there was sufficient or reasonable cause to believe defendants guilty thereof and they should be held to answer therefor and without bail. Accordingly, he committed defendants to the custody of the sheriff of said county, who now has their custody.

Petitioner, Olen Kennedy, being so held, has petitioned this Court to grant a Writ of Habeas Corpus and directing that he be permitted or allowed to have bail in a reasonable amount. With his petition, petitioner submitted a transcript of the evidence before the magistrate, all in part of the State, and a portion of which tended to show that the victim, the said Ted Haggard, was taken as a hostage by the defendants in an armed robbery and an hour or so later met his death by reason of a massive gunshot wound to the head.

Counsel for petitioner argues the trial court erred in denying petitioner bail as the case of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972) abolished capital punishment and Article 2, Oklahoma Constitution, Section 8, provides for bail in all alleged offenses with capital offenses the only category of offense in which bail does not exist as a matter of right. In considering merit of counsel's contention, we first note the language in Article 2, Oklahoma Constitution, Section 8, which states as follows:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

We note thirty-seven jurisdictions have constitutional sections identical or synonymous with the above constitutional section. Several of these jurisdictions have considered the effect of *Furman,* supra, upon the accused's right to bail in what prior to *Furman,* supra, were capital offenses. A study of these cases reveals a division of

authority on this issue. In the case of California v. Anderson, (1972) 6 Cal.3d 628, 100 Cal.Rptr. 152, page 172, 493 P.2d 880 page 900, footnote 45, the rationale for the position *Furman,* supra, does not give rise to a right to bail previously excluded as a capital offense, states as follows:

"The issue of the right to bail in cases in which the law has heretofore provided for the death penalty has been raised for the first time by the People and amici curiae on petition for rehearing. Although this question was never an issue in this case, we deem it appropriate to note that article I, section 6, of the California Constitution and section 1270 of the Penal Code, dealing with the subject of bail, refer to a category of offenses for which the punishment of death could be imposed and bail should be denied under certain circumstances. The law thus determined the gravity of such offenses both for the purpose of fixing bail before trial and for imposing punishment after conviction. Those offenses, of course, remain the same but under the decision in this case punishment by death cannot constitutionally be exacted. The underlying gravity of those offenses endures and the determination of their gravity for the purpose of bail continues unaffected by this decision. Accordingly, to subserve such purpose and subject to our future consideration of this issue in an appropriate proceeding, we hold that they remain as offenses for which bail should be denied in conformity with article I, section 6, of the Constitution and Penal Code section 1270 when the proof of guilt is evident or the presumption thereof great."

The rationale in *Anderson,* supra, is a fair representation of those jurisdictions which find *Furman,* supra, although suspended the imposition of the death penalty, did not abolish the class of capital crimes and consequently, that class of capital crimes still being in existence, the accused does not necessarily have a per se right to bail for an offense previously designated as punishable by death. See People v. District Court of 18th Judicial District, Colo., 500 P.2d 358 (1972).

In the case of Maloy v. Wayman, Okl. Cr., 464 P.2d 762 (1970), this Court stated that:

"In Oklahoma, the right to bail in a capital case is absolute unless proof is evidence or presumption thereof is great that the defendant is guilty as charged and that in case of conviction he will probably receive a life sentence, or the death penalty."

In *Maloy,* supra, cited under authority of Oklahoma Constitutional Articles 2, Section 8, and 22 O.S.1971, § 1101, the implication in the above language recognizes that it is the gravity of the offense which is a primary consideration in establishing the accused's right to bail. Although under *Furman,* supra, the death penalty in the instant case is an unenforcible penalty as being unconstitutional, that class of crimes as classified by the legislature still retains the same characteristics they obtained prior to *Furman,* supra. Though the death penalty may not be imposed, the gravity of the offense remains the same. The gravity of the offense was also recognized by this Court's order continuing nine peremptory challenges in death penalty cases, prior to *Furman,* supra. See Order of March 8, 1973. It is this Court's opinion the framers of the Constitution and the legislature in promulgating the above rules did not intend bail to be denied on the basis of the punishment to be imposed alone, but used the punishment, the death penalty, as a method of categorizing those offenses in which the gravity was so great that bail should be denied. That categorization of offenses is presently recognized by this Court as maintaining its existence as a group of offenses which are not bailable in the same manner as prior to *Furman,* supra. Any new categorization of offenses invoking the possibility of the assessment of the death penalty in a particular case will be deemed to be a restatement by the legislature and reclassification of offenses of

such a gravity to allow denial of bail when the probability is the accused will receive a life or death sentence.

The district court's order denying petitioner bail is hereby affirmed and bail is hereby denied.

BUSSEY and BRETT, JJ., concur.