**600**

UNITED STATES of America, ex rel.
Olen KENNEDY, Petitioner,

v.

J. A. WALTERS, Sheriff of Sequoyah
County, Respondent.

Civ. No. 73-212.

United States District Court,
E. D. Oklahoma,
Civil Division.

Aug. 28, 1973.

Fred D. Jack Green, S. Daniel George, Sallisaw, Okl., for petitioner.

J. Fred Green, Dist. Atty., Sequoyah County, Sallisaw, Okl., for respondent.

ORDER

DAUGHERTY, Chief Judge.

Petitioner, a State prisoner, is charged with the crime of murder and awaits trial. He is held in State custody and has been denied bail by the Examining Magistrate, the District Judge and the Oklahoma Court of Criminal Appeals. By way of habeas corpus he now seeks bail from this Court. Respondent opposes the request.

■ Petitioner first asserts that as Furman v. Georgia, 408 U.S. 238, 92 S. Ct. 2726, 33 L.Ed.2d 346 has abolished capital punishment he has an absolute right to bail under Oklahoma law. The Oklahoma Court of Criminal Appeals has disagreed for reasons set forth in its Opinion affirming the District Court's Order denying this Petitioner bail and denying Petitioner bail. See In Re Habeas Corpus of Olen Kennedy, Okl.Cr., 512 P.2d 201. The Court accepts this determination of Oklahoma law on this point and fully agrees with the same. Though a death sentence as punishment may have been outlawed the

offense of murder is still a capital offense for purposes of considering bail in Oklahoma and under Oklahoma law as construed by the Oklahoma Court of Criminal Appeals one charged with a capital offense, as the Petitioner, does not have an absolute right to bail notwithstanding Furman v. Georgia, *supra.* Also see United States ex rel. Covington v. Coparo, 297 F.Supp. 203 (SDNY 1909).

Petitioner next asserts that Article 2, Oklahoma Constitution, Section 8 provides:

"All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great."

and that he should be admitted to bail because the proof of his guilt is not evident nor is the presumption thereof great. Two judicial officers of the State of Oklahoma and the Oklahoma Court of Criminal Appeals who have considered this matter have concluded otherwise.

In Simon v. Woodson, 454 F.2d 161 (Fifth Cir. 1972), a federal habeas corpus proceeding regarding bail for a State prisoner, it was held:

" . . . Thus, the only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted *arbitrarily* in setting that bail. . . . [citing cases] Any other rule would not only commit the federal courts to the burdensome task of hearing evidence upon and setting bail *de novo* in a host of criminal cases, but also and much more intolerable, such a rule would authorize an unwarranted and unconstitutional encroachment upon the prerogatives of the states in the due administration of their processes of criminal justice. We adhere to the standard laid down in *Mastrian,* [Mastrian v. Hedman, 326 F.2d 708], *supra,* at 710–711 of 326 F.2d:

'A federal court would not be entitled to act in substitution of judg-

ment for that of the state court. What the state court did would have to be beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation.' "

In Turco v. Warden, Baltimore City Jail, 444 F.2d 56 (Fourth Cir. 1971) it was held:

"The state trial judge carefully considered whether to grant bail to petitioner and concluded, *inter alia,* that petitioner was not a good bail risk. There was substantial evidentiary support for this conclusion, so that we cannot say that there was any abuse of discretion amounting to a denial of constitutional right. This is sufficient reason to affirm the district court, and we need not consider the other issues which are pressed."

█ It thus appears that this Court has jurisdiction to entertain Petitioner's writ for habeas corpus based on the Eighth Amendment of the United States Constitution made binding on the states by the Fourteenth Amendment. It next appears that Petitioner is not entitled to bail as a matter of absolute right. The matter of fixing bail for Petitioner by the State Courts is a matter within their sound judicial discretion, guided by what is reasonably necessary to assure appearance at trial and a Federal Court in considering the matter of bail fixed by the State Courts on State prisoners is not to consider the matter *de novo* but is to examine the record and ascertain if the bail as fixed by the State Court constitutes an abuse of discretion and is arbitrary and unreasonable.

█ The Court has been furnished with a transcript of the testimony at Petitioner's hearing before the Examining Magistrate and understands that the State District Judge in denying bail (as did the Magistrate) reviewed said record in connection with said denial. It also appears that the transcript was furnished to the Oklahoma Court of Criminal Appeals in connection with its exposure to this bail matter. The Court

has examined the transcript of the hearing before the Examining Magistrate and cannot say that there was an abuse of discretion amounting to a denial of constitutional rights in the decisions of the State Courts to deny bail to Petitioner nor were such decisions arbitrary and unreasonable. United States ex rel. Pass v. Robinson, 357 F.Supp. 1368 (WDPa.1973).

Petitioner's Writ of Habeas Corpus is denied and this action is dismissed this 28th day of August, 1973.