NONCAPITAL OFFENSE — BAIL Murder in the Second Degree is a noncapital offense and a person charged with such offense shall be admitted to bail as provided by the provisions of 22 O.S. 1101 [22-1101] (1971). The Attorney General has considered the request received from you in regard to setting bail for offenses committed under the new murder statutes House Bill No. 1101, First Session, Thirty-fourth Oklahoma Legislature (1973). You ask specifically: "In Section 2, homicide other than those mentioned in Section 1, is classified Murder in the Second Degree, and not carrying with it capital punishment on conviction. In the light of cases falling under homicide in Section 2, since it is not a capital offense, does not the accused have the right of bail, and is it not the duty of the trial court to fix bail in these class of cases the same as it has always been fixed in noncapital cases ?" The right to bail of an individual accused of a crime, pending trial for such an offense, is guaranteed to every citizen of the State of Oklahoma in the Bill of Rights of the Oklahoma Constitution. Article II, Section 8 of that instrument sets out this right as follows: "Right to bail. — All persons shall be bailable by sufficient sureties, except for capital offenses when the proof of guilt is evident, or the presumption thereof is great." The obvious and single exception to the right of bail for one accused of a crime is in the instance when the defendant is charged with a capital offense. Only in that instance and only when proof of guilt is evident or the presumption thereof great is a defendant denied the right to make bail. Cases construing this constitutional provision even speak of the defendant's right to bail in capital cases as being absolute absent the conditions above mentioned. See Application of Pierce, 356 P.2d 377; Application of Sexton, 354 P.2d 215; Application of Peters, 351 P.2d 1020; Ex parte Narvell, 372 P.2d 883, Maloy v. Wayman, 464 P.2d 762. The definition of a capital case has been set out in the case of Ex parte Herndon,192 P. 820, as follows: "In our penal code it is provided that any person convicted of Murder shall suffer death or imprisonment at hard labor in the penitentiary for life at the discretion of the jury. Section 2319, Rev. Laws. The offense therefore may be punished with death, but it is not necessarily so punishable. A 'capital' offense is one where the punishment may be death." The statutes of Oklahoma set out the right of bail in criminal cases when the crime is not punishable by death. Title 22 O.S. 1101 [22-1101] provides: "Bail, by sufficient sureties, shall be admitted upon all arrests in criminal cases where the offense is not punishable by death and in such cases it may be taken by any of the persons or courts authorized by law to arrest or imprison offenders, or by the clerk of the District Court or his deputy, or by the judge of such court." The new criminal offense of Murder in the Second Degree was created on the 17th day of May, 1973, as a portion of a more inclusive bill defining the new offense of Murder in the First Degree. Murder by degrees was heretofore unknown in the State. Prior to the passage of the new bill, homicide was simply murder when committed under any of three specific situations, see Title 21 O.S. 701 [21-701] (now repealed). There were no lesser degrees of the old offense of murder. The old offense of murder was also listed among those offenses known as capital cases because of the possibility on conviction of the imposition of the death penalty. House Bill No. 1101, First Session, Thirty-fourth Oklahoma Legislature (1973), (now codified as 21 O.S. 701.1 [21-701.1] to 701.6 (1973)) repealed the old statutes defining the crime of Murder and created the offenses of Murder in the First Degree and Murder in the Second Degree. The law is very specific and enumerates exactly what type of homicide it contemplates coming under each section. The provisions for punishment are also very specific in that a conviction for First Degree Murder carries only the death penalty. In light of the Supreme Court's ruling in regard to the unconstitutionality of all our State statutes which authorize the death penalty for certain crimes, it can be stated that Murder in the First Degree is the only capital case or crime now in effect as it is the only offense which may be punishable by death. Therefore, in light of the statutory definition of a capital case, all offenses, save Murder in the First Degree, are now non-capital cases. The punishment for the new offense of Murder in the Second Degree is set forth in 21 O.S. 701.4 [21-701.4] (1973) and provides as follows: "Every person convicted of Murder in the Second Degree shall be punished by imprisonment in the State Penitentiary for not less than ten years nor more than life. The trial court shall set an indeterminate sentence in accordance with this section upon a finding of guilty by the jury of Murder in the Second Degree." Since the death penalty is not provided as a possible punishment for Murder in the Second Degree, this offense would fall in the class of crimes referred to as noncapital cases and would be included among those cases where bail is set as a matter of right under the constitutional and statutory provisions heretofore mentioned. The New Jersey Supreme Court has ruled on the same question wherein a defendant had been denied bail on a noncapital charge. The petitioner had been charged with First Degree Murder which carried the death penalty. When the Supreme Court ruled that the death penalty provision on the statute was invalid, the petitioner applied for bail on the grounds that the crime of First Degree Murder was now a noncapital crime. The Court agreed with this contention, saying: "Since the crime for which defendant was indicted is no longer a capital offense he is entitled to pretrial release." State v. Johnson, 294 A.2d 245 (1972). It is, therefore, the opinion of the Attorney General that Murder in the Second Degree is a noncapital offense and that a person charged with such offense shall be admitted to bail as provided by the provisions of 22 O.S. 1101 [22-1101] (1971). (James L. Swartz)