**UNITED STATES of America
ex rel. Edward SAVITZ**

v.

**J. Patrick GALLAGHER, Commissioner of Philadelphia Prisons, and Wilhelmina Speach, Warden of the Philadelphia Detention Center, and Lynne Abraham, District Attorney of Philadelphia.**

Civ. A. No. 92–3198.

United States District Court,
E.D. Pennsylvania.

July 2, 1992.

---

Harry Lore, Sacks, Basch, Weston & Sacks, Barnaby C. Wittels and Stephen R. LaCheen, Philadelphia, Pa., for petitioner.

Ronald Eisenberg, Deputy Dist. Atty., Philadelphia, Pa., for respondents.

## MEMORANDUM

BARTLE, District Judge.

Petitioner Edward Savitz ("Savitz"), presently in state custody awaiting trial and ill with AIDS, has filed this Petition for Writ of Habeas Corpus challenging the constitutionality of the bail set by the Pennsylvania Superior Court and seeking release from detention. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 2241.[1]

Savitz was arrested in Philadelphia on March 25, 1992 and charged with three complaints. The complaints allege that he engaged in certain involuntary sex acts with young men who had not yet attained the age of consent.[2] Bail was set on the first three complaints in the amount of $1,000,000 per complaint for a total of $3,000,000. Savitz posted bail on Friday, March 27, 1992. Following his release, and while hospitalized, Savitz was rearrested on March 28, 1992 upon the filing of additional

---

1. 28 U.S.C. § 2241(a) provides, in part "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions."

2. Municipal Complaint # 92–033524 charges Petitioner with violations of 18 Pa.C.S.A. § 6312 Sexual Abuse of Children; 18 Pa.C.S.A. § 6301 Corruption of Minors; 18 Pa.C.S.A. § 5902 Pros-titution and Related Offenses; 18 Pa.C.S.A. § 902 Criminal Solicitation; 18 Pa.C.S.A. § 3126 Indecent Assault; and 18 Pa.C.S.A. § 3123 Involuntary Deviate Sexual Intercourse. Municipal Complaint # 92–033525 charged Petitioner with violations of 18 Pa.C.S.A. §§ 902, 3123, 3126, 5902, 6301, and 6312. Municipal Complaint # 92–033526 charged Petitioner with violations of 18 Pa.C.S.A. §§ 3123, 3126 and 6301.

charges of like sexual offenses.[3] The bail set for these additional offenses is the subject of the pending petition before the Court.

On March 29, 1992, a Philadelphia Trial Commissioner set bail on these additional claims at $20,000,000. Savitz filed a Petition for Reduction of Bail in the Court of Common Pleas of Philadelphia County. Judge Howland W. Abramson held hearings on April 2 and 8, 1992. He reduced the total bail on the two charges to $2,000,000 each but imposed certain restrictive conditions. The conditions included a requirement that "the Defendant shall forthwith voluntarily admit himself to a locked adult unit of the Institute of Pennsylvania Hospital and remain there until his case is fully and finally decided, provided the Institute of Pennsylvania ... will permit electronic monitoring by the Probation Department of this Court." Court of Common Pleas Order, April 8, 1992 (Abramson, J.)

Savitz then filed a Petition for Reduction of Bail in the Superior Court of Pennsylvania. On April 23, 1992, the Superior Court in a *per curiam* order reduced the monetary bail to $200,000 but adjusted the bail conditions. Those conditions provided in relevant part:

"4. that pursuant to request of counsel[4], ... [Savitz] voluntarily commit himself to a private mental health facility located in Philadelphia County, and remain there until his case is fully and finally decided. If possible, said institution should be able to accommodate electronic monitoring of ... [Savitz] by the Probation Department of the Court of Common Pleas of Philadelphia County;

5. that the receiving institution be approved by this court;

6. that the receiving institution submit to this court a letter undertaking to assure the following:

a. that the facility possesses a secure lock up unit;

b. *that arrangements can be made to segregate ... [Savitz] from contacts with all other patients, irrespective of age;*

c. that ... [Savitz] will not be released, at his own request or otherwise, without 48 hours prior notification to the Court of Common Pleas of Philadelphia County; ...

8. that ... [Savitz] participate in all prescribed therapy and treatment programs at the institution."

Superior Court of Pennsylvania, No. 45 MDE 1992 (*Per Curiam* Order April 23, 1992) (emphasis added).

On April 29, 1992, Savitz appealed to the Supreme Court of Pennsylvania. In that petition, Savitz did not appear to object that the bail in the amount of $200,000 was "excessive." Rather Savitz focused on the bail conditions, specifically the requirement that he be completely segregated from other patients at any mental health facility into which he would be admitted. Savitz characterized these as "unreasonable, onerous, unconstitutional and punitive conditions of release intended to keep ... [him] incarcerated and to punish him because he suffers from AIDS...." Relator's Petition for Writ of Habeas Corpus, ¶ 4.[5] On June 2, 1992, before any decision by the Pennsylvania Supreme Court, Savitz applied to this Court for relief alleging that the conditions imposed violate the Eighth

---

**3.** Municipal Complaint # 92–033881 charges Petitioner with violations of 18 Pa.C.S.A. §§ 5902, 6301, and 6312. Municipal Complaint # 92–033882 charges Petitioner with violations of 18 Pa.C.S.A. §§ 3123, 5902, 6301, and 6312.

**4.** This request was repeated during hearings of April 2, and April 8, 1992 before the Court of Common Pleas of Philadelphia County and again on April 13, 1992 before the Superior Court.

**5.** Preventive detention is permitted under the federal Bail Reform Act, 18 U.S.C. § 3142(e):

"[if] the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial...."

Such detention is neither recognized nor appropriate under Pennsylvania law. *See* Pa.R.Crim. Proc. § 4004; *Commonwealth v. Truesdale,* 449 Pa. 325, 339, 296 A.2d 829, 836 (1972).

Amendment proscription against excessive bail. He does not complain, however, about the amount of bail set by the Superior Court. Three days later, on June 5, 1992, the Pennsylvania Supreme Court, in a *per curiam* order [6], dismissed the Savitz petition as well as the Commonwealth's cross petition for review of the bail.

On June 15, 1992, a hearing was held before United States Magistrate Judge Edwin Naythons pursuant to Local Rule 7 of this Court. In addition to the oral argument of counsel, Magistrate Judge Naythons heard the testimony of Dr. John O'Brien, presented on behalf of Savitz, who had interviewed Savitz subsequent to the hearings before Judge Abramson of the Court of Common Pleas.

Magistrate Judge Naythons recommended that the District Court deny the Writ of Habeas Corpus. In essence, the Magistrate Judge found that the state courts did not act arbitrarily in setting the bail conditions and there was no violation of Savitz's rights under the Eighth Amendment as applied to the States through the Fourteenth Amendment. Savitz filed objections with the Court to Magistrate Judge Naythons' report.

■ The scope of this Court's review, under 28 U.S.C. § 2254(a),[7] is limited. Our function is simply to determine whether the Pennsylvania courts have detained Savitz in violation of his constitutional rights. Specifically, the Court must decide whether

the courts of the Commonwealth have ordered Savitz held in violation of the Eighth Amendment prohibition, as incorporated into the Fourteenth Amendment, that "Excessive bail shall not be required." [8] *See U.S. ex rel. Garcia v. O'Grady*, 812 F.2d 347 (7th Cir.1987) (Easterbrook, Circuit J., concurring). The test is whether or not the state judges acted arbitrarily in setting bail in violation of that right. *See U.S. ex rel. Pass v. Robinson*, 357 F.Supp. 1368, 1369 (W.D.Pa.1973). It is only where the bail is arbitrary, that is, "only if it is way off the mark to conclude that a certain amount of bond is within the constitutional standard," that a federal court may issue the writ. *U.S. ex rel. Garcia*, 812 F.2d at 357. If the bail is set within "the substantial range that a reasonable person could conclude falls short of 'excessiveness,' the district court must decline to issue the writ." *Id.* This Court "cannot act in substitution of judgment for that of the state court unless we are convinced that what the state court did was beyond the rational judgment in the face of the facts before it." *U.S. ex rel. Pass*, 357 F.Supp. at 1370. It is important to emphasize that the role of this Court is *not* to determine what bail amount or conditions it would have set if it were a state court holding a *de novo* hearing.

■ Under Pennsylvania state law, bail is to be set "such as to insure the presence of the defendant" before the court. Rule 4004 of the Pa. Rules of Criminal Procedure.[9] In addition to a monetary

---

**6.** "AND NOW, this 5th day of June 1992, the Petition for Review of Bail and for Writ of Habeas Corpus, the Request for Immediate Hearing and the Commonwealth's Cross–Petition for Review of Bail are denied."

**7.** 28 U.S.C. § 2254(a) provides:
The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

**8.** This amendment has been incorporated through the Fourteenth Amendment to apply to the States. *Hunt v. Roth*, 648 F.2d 1148, 1156 (8th Cir.1981), *vacated as moot, sub nom. Murphy v. Hunt*, 454 U.S. 812, 102 S.Ct. 87, 70 L.Ed.2d 80 (1981).

**9.** In its entirety, the rule provides the following:
**Rule 4004. Standards for Setting Bail**
In setting pre-verdict bail, bail shall be such as to insure the presence of the defendant as required by the bond and shall be determined according to the following standards:
(i) the nature of the offense charged and any mitigating or aggravating factor that may bear upon the likelihood of conviction and possible penalty;
(ii) the defendant's employment status and history of financial condition;
(iii) the nature of his family relationships;
(iv) his past and present residences;
(v) his age, character, reputation, mental condition, record of relevant convictions, and whether addicted to alcohol or drugs;
(vi) if he has previously been released on bail, whether he appeared as required; and

amount of bail, Pennsylvania law permits the setting of bail conditions including requirements of release such as satisfactory participation in a designated program. Rule 4013 of the Pa. Rules of Criminal Procedure.[10] In setting the bail amount and conditions, the state court may consider the nature of the offense charged and the likelihood of conviction, along with other facts relevant to whether the defendant has strong ties with the community or is likely to flee the jurisdiction. Rule 4004 of the Pa. Rules of Criminal Procedure. Under Pennsylvania law, while bail may not be denied because of the risk of future criminal conduct, it may be considered in setting the amount and terms of bail. *Commonwealth v. Truesdale*, 449 Pa. 325, 339, 296 A.2d 829, 836–837 (1972). We must accept the interpretation of that law by the Pennsylvania courts. *U.S. ex. rel. Garcia*, 812 F.2d at 356.

At the April 2, 1992 hearing, Judge Abramson of the Court of Common Pleas of Philadelphia considered argument from counsel on the appropriate considerations to be weighed in setting Savitz's bail. Those factors related to Savitz's risk of flight, including his ties to the community; his net worth; his physical, mental and emotional disabilities; aggravating circumstances related to the charges; and the potential maximum sentences compared to Savitz's life expectancy. The record established that Savitz, if convicted, faces a max-imum imprisonment in case numbers 3881 and 3882 of 27 to 54 years, which exceeds his life expectancy of six months to two years. Common Pleas Hearing, 4/2/92, p. 9. The court also considered argument, in accordance with the *Truesdale* case, on Savitz's possible future criminal conduct of a sexual nature.

At the close of argument on April 2, 1992, Judge Abramson ordered a psychiatric examination of Savitz to answer two questions: (1) whether Savitz posed a risk of flight pending trial; and (2) whether there was a risk that Savitz would engage in future criminal conduct of a sexual nature. The report of Robert W. Stanton, M.D., the court appointed psychiatrist from the Court of Common Pleas Adult Probation and Parole Department, was provided to Judge Abramson prior to the second hearing on April 8, 1992. In addition, Savitz's counsel submitted to the court reports from Martin Gelman, Ph.D., a psychologist who met with Savitz between December, 1978 and March, 1992, and Gary R. Cohan, M.D., Savitz's attending physician. Dr. Stanton diagnosed Savitz with conditions "characterized by repetitive compulsive sexual behaviors which [he] has been unable to control voluntarily." Dr. Stanton recommended to the court that Savitz not be released on bail without external controls because Savitz could not "control his sexual behavior voluntarily and he is aware

> (vii) any other facts relevant to whether the defendant has strong ties with the community or is likely to flee the jurisdiction.
>
> In addition, Rule 3(b) of the Pa. Rules of Criminal Procedure defines bail as "the security required and given for the release of a person in the custody of the law, conditioned upon a written undertaking that the person will appear when required to do all other things stipulated therein."

**10.** Rule 4013 of the Pa. Rules of Criminal Procedure provides:

> When a person is admitted to bail, the conditions of the bail bond shall be such that the person will:
>
> (a) Appear before the issuing authority or court at all times required until full and final disposition of the case;
>
> (b) Submit to all orders and process of the issuing authority or court;
>
> (c) Give written notice to the issuing authority, the clerk of courts, the district attorney, and court bail agency or other designated court bail officer, of any change of address within forty-eight (48) hours of the date of such change;
>
> (d) Comply with any specific requirement of release which may be reasonably imposed by the issuing authority or court to assure compliance with conditions of bail, such as satisfactory participation in a designated program;
>
> (e) Neither do, nor cause to be done, nor permit to be done on his or her behalf, any act proscribed by Crimes Code section 4952 (relating to intimidation of witnesses or victims) or section 4953 (relating to retaliation against witnesses or victims) . . .; and
>
> (f) Obey such other conditions as the issuing authority or court may impose, or any reasonable conditions as the court bail agency or other designated court bail officer may impose with leave of court.

of that." Stanton Mental Health Evaluation, April 3, 1992, p. 3.

 Based on the evidence before them in the form of Dr. Stanton's report, it was not unreasonable or arbitrary for the Pennsylvania courts to find that Savitz, who has AIDS, cannot "control his sexual behavior voluntarily" and to conclude that he should not be released on bail without these external controls imposed by the Superior Court. Stanton Report, p. 3. Under Pennsylvania law, future criminal conduct is a factor in setting the amount and conditions of bail. *Truesdale*, 449 Pa. 325, 296 A.2d 829. As stated by the United States Supreme Court, in ruling on the constitutionality of the federal Bail Reform Act of 1984, 18 U.S.C. § 3141, *et seq.*:

> While we agree that a primary function of bail is to safeguard the courts' role in adjudicating the guilt or innocence of defendants, we reject the proposition that the Eighth Amendment categorically prohibits the government from pursuing other admittedly compelling interests through regulation of pretrial release.... The only arguable substantive limitation of the Bail Clause is the Government's proposed conditions of release or detention not be "excessive" in light of the perceived evil....

*U.S. v. Salerno*, 481 U.S. 739, 753–55, 107 S.Ct. 2095, 2105–06, 95 L.Ed.2d 697 (1987).[11]

While this Court recognizes that *Salerno* involved an interpretation of a federal law which permits preventive detention, unlike Pennsylvania law, it is helpful in deciding whether the state courts have imposed excessive bail in violation of the Eighth Amendment as applied to the States through the Fourteenth Amendment. Here, the Superior Court, based on the evidence before it, properly tailored the bail amount and conditions to assure that the purposes of state bail were satisfied.

Savitz argues that imposing a requirement that he be segregated from other patients in a psychiatric hospital is unreasonable when he is presently in a semi-private room in the Health Services Wing of the Philadelphia Detention Center where he lives with ten young adult males. However, since a prison does differ in function from a psychiatric hospital, it is not unreasonable to conclude that certain conditions, that is, segregation, would be necessary in a hospital setting even if not necessary in a prison setting. It is not unreasonable to assume his behavior may be monitored more easily in a prison than if he were in a private psychiatric hospital without the restrictive conditions.

 Savitz argues that the condition of segregation is tantamount to a denial of bail or is "excessive" bail in violation of the Constitution because the condition of segregation is impossible to meet. He contends that no hospital will take him under these conditions. The test to be applied in adjudging the reasonableness of this condition is not whether he is able to meet the condition but rather if the condition is reasonable in light of the compelling interest of the Commonwealth when its courts reasonably found that Savitz presented a risk of future criminal conduct. In addition, there is no dispositive evidence before this Court as to the possibility or impossibility of Savitz meeting the conditions of bail.[12] The fact that Savitz has not been able to arrange a placement that comports with the bail conditions does not establish that the conditions are constitutionally unreasonable or excessive.[13]

---

**11.** The Bail Reform Act recognizes the safety of others and the community as compelling interests. *See* 18 U.S.C. § 3142(f).

**12.** While this Court is still not convinced it can go outside of the record presented to the state courts, Magistrate Judge Naythons did permit both the report and testimony of Dr. O'Brien on behalf of Savitz. Even if this Court relies on this evidence, it does not change this Court's decision. Dr. O'Brien testified that the condition of segregation would bar admission to a psychiatric facility in the sense that it would be contrary to normal standards of practice and treatment. However, he did not testify to any inherent physical, legal or administrative impossibility with the condition.

**13.** A monetary bail setting is not constitutionally excessive merely because a defendant is financially unable to satisfy the requirement. *See, e.g., U.S. v. McConnell*, 842 F.2d 105 (5th Cir.1988).

Savitz also argues as to the adequacy of medical treatment being supplied by the Philadelphia Detention Center. There is no evidence in the record that Savitz is not receiving appropriate medical treatment in the Detention Center. Nor are there allegations before the Court that the Commonwealth's treatment of Savitz in prison rises to the level of "cruel and unusual punishment" in violation of the Eighth Amendment, as incorporated into the Fourteenth Amendment, or in violation of the Due Process Clause of the Fourteenth Amendment. The Commonwealth apparently is allowing Savitz's regular physician to direct his AIDS treatment and to have access to him. If there were evidence that Savitz was not receiving adequate medical treatment in violation of the Constitution, this would be a different case.

For the foregoing reasons, the recommendation of Magistrate Judge Naythons is accepted. The Petition for Writ of Habeas Corpus will be denied.