J-M01003-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL G. SAUNDERS | : | |
| | : | |
| Petitioner | : | No. 93 WDM 2024 |

Appeal from the Order Entered November 12, 2024
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-MD-0000661-2024

BEFORE: PANELLA, P.J.E., DUBOW, J., and BECK, J.

MEMORANDUM BY BECK, J.: **FILED: February 7, 2025**

Michael G. Saunders ("Saunders") filed a petition for specialized review of the November 12, 2024 order of the Butler County Court of Common Pleas ("trial court") denying his motion for modification of bail. **See** Pa.R.A.P. 1610 (providing "for specialized review in the appellate court that would have jurisdiction over the appeal from the judgment of sentence" of an order "granting or denying release or modifying the conditions of release before sentence"); **see also** Pa.Rs.Crim.P. 529, 1762(b)(2). Saunders contends that the bail condition prohibiting his contact with "any other minors" (not only the alleged minor victim in this matter) violates his constitutional rights to be free from excessive bail under the Eighth Amendment to the United States

Constitution and Article I, Section 13 of the Pennsylvania Constitution,[1] as well as his freedom of association under the First Amendment to the United States Constitution and Article I, Section 20 of the Pennsylvania Constitution.[2] *See* Bail Release Conditions Order, 10/1/2024. After careful review, we find no abuse of discretion in the trial court's decision and therefore affirm.

The record reflects that in the matter presently before this Court, Saunders was charged on October 1, 2024, with corruption of minors (defendant over eighteen) and indecent assault (person less than sixteen).[3] *See* Criminal Docket, MJ-50303-CR-0000115-2024, at 2; Petition, Exhibit A. At that time, Saunders was separately awaiting trial on a separate incident involving a minor victim on charges of rape of a child, aggravated indecent assault without consent, aggravated indecent assault (complainant less than thirteen), aggravated indecent assault (complainant less than sixteen), aggravated indecent assault of a child, indecent assault without consent, indecent assault (person less than thirteen), indecent assault (person less

---

[1]  Both the Eighth Amendment and Article I, Section 13 provide, in pertinent part: "Excessive bail shall not be required[.]"  U.S. CONST. amend. VIII.; PA. CONST. art. I, § 13.

[2]  The First Amendment prohibits Congress from enacting any law that, in relevant part, abridges "the right of the people peaceably to assemble."  U.S. CONST. amend. I.  Its counterpart in the Pennsylvania charter provides: "The citizens have a right in a peaceable manner to assemble together for their common good[.]"  PA. CONST. art. I, § 20.

[3]  18 Pa.C.S. §§6301(a)(1)(ii), 3126(a)(8).

than sixteen), indecent exposure, and corruption of minors (defendant over eighteen).[4] *See* Criminal Docket, CP-10-CR-0001120-2024, at 2; Petition, Exhibit C; *see also* Trial Court's Statement of Reasons, 12/27/2024, at 1 n.1.

On October 1, 2023, the Magisterial District Judge entered an order granting Saunders bail and, in relevant, part, included the following conditions of his release:

No Contact - No contact with juvenile victim J8 or their family.

No contact with any other minors.

Pre-Trial Supervision - Defendant to be released directly to Adult Probation only. Pre[-]Trial Supervision along with Electronic Monitoring (Ref CR-111-24) prior Electronic Monitoring.

Bail Release Conditions Order, 10/1/2024. On October 9, 2024, Saunders filed a motion for modification of bail pursuant to Pa.R.Crim.P. 529 (governing modification of bail prior to verdict). Therein, he sought to remove the condition that prohibited his contact with "any other minors," asserting that this provision was unenforceable because it prohibited him from participating in necessary activities of life (working, shopping, attending religious services, and the like) because he could have incidental contact with minors, it did not allow him to attend family functions, and it stopped him from seeing his grandchildren. Motion to Modify Bail, 10/9/2024, ¶¶ 7-11. In his view, "[t]he condition that he have no contact with the alleged victim, or the alleged

---

[4] 18 Pa.C.S. §§ 3121(c), 3125 (a)(1), (7), (8), 3126(a)(1), (7), (8), 3127(a), 6301(a)(1)(ii).

victim's family, is sufficient to ensure his appearance and protect the community." *Id.* ¶ 12.

He raised these same claims at oral argument on the motion. N.T., 11/8/2024, at 2-3. Though recognizing the "serious charges" he was facing, he asserted that prohibiting him from contacting minors was excessive and unnecessary. *Id.* at 3. The Commonwealth disagreed, noting that this is not his only alleged criminal activity involving sexual conduct with a child, and that these other charges had a separate victim. *Id.* at 3-4. The Commonwealth took the position that the condition prohibiting contact with any minor was not only appropriate, it was necessary to ensure the safety of the community:

> I don't feel that the Commonwealth can ensure the safety of the community without this condition. While I do understand that it does put a hardship on [Saunders], certainly a higher bail and incarceration could also ensure that. For [Saunders] to say it's an undue burden for him to have to stay away from minors is concerning to the Commonwealth, quite frankly. If he sees a minor child, he walks the other direction. No, he cannot attend family functions. He is essentially on house arrest because he is on electronic monitoring. He does have to stay away from minors; it just takes a couple of minutes for these types of crimes to be committed, and the Commonwealth cannot ensure the safety of the community without this condition.
>
> *    *    *
>
> [H]e can still go to church; he can't sit near any minors. He can still go to the grocery store; he can't be near a minor. He would have to go the opposite direction. I understand it's inconvenient, but it's certainly not impossible.

*Id.* at 4-5.

- 4 -

The trial court took the matter under advisement and ultimately denied the motion in an order issued on November 12, 2024. Saunders filed a petition for specialized review with this Court on December 11, 2024. ***See Commonwealth v. Miller***, 319 A.3d 575, 580 (Pa. Super. 2024) (if a petitioner meets the requirements for specialized review, this Court's review of a bail order is mandatory). Following our December 13, 2024 Order directing the Commonwealth and the trial court to file responses in accordance with Rule 1762(e), the Commonwealth filed an answer in opposition to bail modification on December 20, 2024 and the trial court issued its statement of reasons in support of its denial of modification on December 27, 2024.

In its statement of reasons submitted to this Court, the trial court asserts that the condition prohibiting Saunders from having contact with any minor is both appropriate under Rule 527 of the Pennsylvania Rules of Criminal Procedure (addressing nonmonetary conditions of bail) and necessary to protect the public. Trial Court's Statement of Reasons, 12/27/2024, at 2-3 (citing ***Commonwealth v. Sloan***, 907 A.2d 460, 468 (Pa. 2006)). The court finds Saunders' claim that the condition is "per se unconstitutional" to be entirely meritless, as "such conditions are routinely applied to sex offenders on parole or probation. ***Id.*** at 3 (citing ***Commonwealth v. Blango***, 327 A.3d 670 (Pa. Super. 2024)). Although implicitly recognizing the inconvenience of the order as it relates to Saunders carrying out his daily activities, the trial

court found that it was not insurmountable and was necessary to ensure the safety of the community. *Id.* at 4.

As stated above, Saunders raises two constitutionally based claims in his petition for specialized review before this Court: that the condition of release prohibiting his contact with any minors violates his right to be free from excessive bail and his right to intimate associations under both the Federal and Pennsylvania Constitutions. Petition, 12/11/2024, at 4-10 (pagination added). In support of his excessiveness claim, he cites a non-precedential decision from the Federal District Court for the Eastern District of Pennsylvania stating that to pass constitutional muster, bail conditions must be "reasonable in light of the compelling interests of the Commonwealth[.]" *Id.* at 5-6 (citing ***U.S. ex rel. Savitz v. Gallagher***, 800 F. Supp. 228, 233 (E.D. Pa. 1992)). He contends that prohibiting his contact with minors serves no interest of the Commonwealth, as he is already on electronic monitoring, which "adequately addresses any safety concerns." *Id.* at 6. Instead, Saunders states that this condition serves only to limit his ability to engage in daily activities—working, shopping, visiting with family (even when other adults are present)—and is overly broad in violation of Rule 527, which requires bail conditions to be reasonable and enforceable. *Id.* at 6-7.

Saunders' argument in support of his right to intimate associations is based on a single concern: "he is unable to gather with his own grandchildren." *Id.* at 10. Relying on sweeping statements of the law pertaining to the

existence and importance of the federal and state right of association, Saunders contends that the condition prohibiting his contact with minors "is unconstitutional and must be struck down." *Id.* at 9-10.

We review bail decisions for an abuse of discretion and will reverse the trial court only if we conclude its determination "misapplies the law, or its judgment is manifestly unreasonable, or the evidence of record shows that its decision is a result of partiality, prejudice, bias, or ill will." ***Commonwealth v. Miller***, 319 A.3d 575, 580 (Pa. Super. 2024) (citation omitted). Our scope of review is limited to the record of the bail hearing, along with the findings of the trial court, viewed in the light most favorable to the Commonwealth as the prevailing party. *Id.* (citation omitted). If the trial court's findings of fact have record support and its legal conclusions are correct, we must affirm. *Id.* (citation omitted).

Pursuant to the Pennsylvania Constitution, courts are empowered to set conditions of bail that "will reasonably assure the safety of any person and the community[.]" ***See*** PA. CONST. art. I, § 14; ***see also Sloan***, 907 A.2d at 454. Additionally, Criminal Rule 527 provides that a bail authority may, in pertinent part, impose nonmonetary conditions of bail that are "designed to ensure the defendant's … compliance with the conditions of the bail bond." Pa.R.Crim.P. 527(A)(3). The comment instructs that "the bail authority should consider what the specific circumstances are that relate to the likelihood that the defendant will … comply and should tailor the conditions of release for the

defendant's specific circumstances," and further that the conditions must be "reasonably capable of being enforced." Pa.R.Crim.P. 527, cmt.

Saunders' arguments fail to bridge his constitutional challenges to the facts of this case. To the extent the trial court correctly found that he is claiming the condition is per se unconstitutional, we dismiss that out of hand based upon the trial court's constitutional authority to set bail conditions for the protection of the public. *See* PA. CONST. art. I, § 14.

Although Saunders baldly states in both his brief before this Court and in his motion below that prohibiting his contact with all minors precludes him from participating in activities necessary for his daily life, he has not provided any support for this contention. To the contrary, as stated by the Commonwealth and found by the trial court, while this condition is an inconvenience, and requires that he avoid interacting with minors when he is shopping, working, and worshiping, it does not preclude him from engaging in any of these activities. There is a clear difference between, for example, coincidentally being in the same store as a minor child and having "contact" with a minor child.

Further, Saunders fails entirely to address the fact that at the time he was charged with the sex crime against a minor in this matter, he already had pending charges for sex crimes committed against another minor. The prohibition against allowing him to have contact with "any other minors" was intended to do exactly that—stop him from associating with children under the

age of eighteen while he is released on bail for sex crimes committed against two separate children in two separate incidents.

The record reflects that the court found this condition to be necessary to protect the public; this is reasonable based upon allegations made against Saunders as to his sexual assaults of two different minors in separate circumstances. The trial court further found this condition will help ensure Saunders' compliance with the conditions of his bond, which include, inter alia, refraining from any criminal activity while released on bail. *See* Bail Bond Order, 10/1/2024.

In other words, the trial court found this condition to be reasonable in light of Saunders' individual facts and circumstances. As its findings are supported by the record and its legal conclusions are sound, we find no abuse of discretion and therefore affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

2/7/2025