Norman J. MASTRIAN, Petitioner,

v.

Kermit HEDMAN, Ramsey County Sheriff, and the State of Minnesota, Respondents.

No. 232.

United States Court of Appeals Eighth Circuit.

Jan. 24, 1964.

Certiorari Denied March 30, 1964.

See 84 S.Ct. 1128.

Douglas W. Thomson and John A. Cochrane, of Cochrane, Thomson & Bresnahan, St. Paul, Minn., filed application papers on behalf of petitioner, without oral argument to the Court in his behalf.

No papers were filed by counsel for respondent, or appearance entered in his behalf.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

Petitioner is under indictment by the State of Minnesota for murder in the first degree. Bail was fixed in the sum of $100,000. A motion for reduction was denied by the trial court after a hearing. The Minnesota Supreme Court affirmed, State v. Mastrian, 266 Minn. 58, 122 N.W.2d 621, and the United States Supreme Court denied certiorari, Mastrian v. Minnesota, 84 S.Ct. 349.

An application for a writ of habeas corpus was then made to the United

States District Court, on the ground that $100,000 was such excessive bail as to amount to an arbitrary and discriminatory denial of petitioner's general right to liberty pending trial, and hence to constitute a violation of the Eighth and Fourteenth Amendments.

The matter was submitted to the District Court on the application for a writ, the exhibit attached thereto (copy of the petition for certiorari in the United States Supreme Court, the affidavits in the trial court, the memorandum of the trial court and the per curiam of the Minnesota Supreme Court), a supplemental affidavit by petitioner as to his financial situation, the response made by the State of Minnesota to the application, and oral arguments by counsel.

The District Court denied the application for a writ and refused to issue a certificate of probable cause under 28 U.S.C.A. § 2253 to enable petitioner to take an appeal. The matter is before us on challenge to the Court's denial of a certificate of probable cause and application to have such a certificate issued by a judge of this Court.

The memorandum of the state trial court and the per curiam of the Minnesota Supreme Court show that petitioner's claim of constitutional violation received deliberative consideration from each of those courts. The trial court found, on the basis of what was presented to it, that bail in the amount of $20,000.00, which petitioner indicated was all that he would be able to furnish, was not sufficient to secure the presence of petitioner at the trial.

The Minnesota Supreme Court recognized the obligation of a court to permit an accused generally to secure his release from custody, "if appearance at trial can otherwise be guaranteed"; enumerated the factors on which the trial court was entitled to appraise and assure this certainty; emphasized that the matter was primarily a responsibility of the trial court and that its judgment would be accepted, "unless defendant shows that the discretion exercised was abused so as to deprive him of his constitutional rights"; and held that petitioner had not established that the amount of the bail and the trial court's refusal to reduce it were in the situation arbitrary, so as to represent an unconstitutional deprivation of petitioner's liberty—it not being sufficient to show abstractly "that in other cases involving murder in the first degree bail has been and is generally fixed at a substantially lower amount, and that defendant is wholly unable to produce a bail of $100,000". The Court did not simply brush off petitioner's effort to be released but took occasion to add for his benefit that "our decision is without prejudice to the right of defendant to make further application with such additional evidence as this opinion may suggest".

The application for a writ in the United States District Court was, as the Court said in its memorandum, "not accompanied by significant evidence beyond that which was before the State Courts". The Court recognized its responsibility to make an independent appraisal of whether a federal constitutional violation existed from unwarranted deprivation of liberty by arbitrary and unreasonable fixing of bail but concluded that it could not say in legal judgment, on the elements which were before it, that petitioner had demonstrated such lack of warrant and need as to entitle it to be held that the Minnesota courts had been guilty of arbitrariness and abuse.

Neither the Eighth Amendment nor the Fourteenth Amendment requires that everyone charged with a state offense must be given his liberty on bail pending trial. While it is inherent in our American concept of liberty that a right to bail shall generally exist, this has never been held to mean that a state must make every criminal offense subject to such a right or that the right provided as to offenses made subject to bail must be so administered that every accused will always be able to secure his liberty pending trial. Traditionally and acceptedly, there are offenses of a nature as to which a state properly may refuse to make provision for a right to bail. (We are not here concerned with

what these offenses may be.) As to the offenses, however, for which a state has provided a right of bail it may not, any more than as to other substantive or procedural benefits under its criminal law system, engage in such administration as arbitrarily or discriminatorily to effect denial or deprivation of the right to a particular accused.

It was only on this basis that it could be sought to claim violation of due process or equal protection under the Fourteenth Amendment in the present situation. We recognized in Pilkington v. Circuit Court of Howell County, Missouri, 8 Cir., 324 F.2d 45, that the excessive-bail prohibition of the Eighth Amendment was applicable to the states through the Fourteenth Amendment. This prohibition, however, would not add anything here, since the bail fixed was not an amount mandated by Minnesota statute so as to involve a question of validity in legal requirement, but it was an amount resting on judicial judgment and discretion so as to be a question of whether the bail right provided (the offense of murder is subject to bail in Minnesota since its abolition of capital punishment) had been so arbitrarily or discriminatorily administered as to amount to an improper denial or deprivation of that right to petitioner. The prohibition of the Eighth Amendment against excessive bail could perhaps have separate force as a due process violation in a situation of unreasonable legal requirement, such as (in artificial example) a state statutory prescription that a court must require a minimum of $1,000,000 bail for any offense of automobile theft.

■■ Here, as indicated, to entitle petitioner to federal habeas corpus consideration, it was necessary for him to set out the facts and circumstances involved in the considerations in relation to which the trial court was entitled to act. Such facts as were set out do not, in our opinion, indicate the possibility of arbitrary or discriminatory action having occurred so as to provide a basis of probable cause to review the District Court's determination.

■ Bail in the sum of $100,000 on a first degree murder charge is not, as petitioner contends, necessarily arbitrary or discriminatory in his situation because it is more in amount than the trial court generally has required in murder cases. From what is made to appear, the crime here involved was one of extraordinary aspect and wide attention, on the circumstances, the parties, the relationships and the manner of death claimed to exist. Bail in the amount of $100,000 was required of each of the three parties charged.

■ There might have been room for a difference in judgment on the amount of bail, but consideration by a federal court could not be asked or given upon that basis. A federal court would not be entitled to act in substitution of judgment for that of the state court. What the state court did would have to be beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation. It would have to amount in its effect to legal arbitrariness in the administration of the bail right provided, so as to constitute a violation of due process, or to discriminatoriness in the application of the right as against petitioner, so as to constitute a violation of equal protection.

On the latitude existing for evaluative judgment, within which discretion properly may be exercised, it must be recognized that a factor is involved as to bail amount which makes a claim of arbitrariness or discriminatoriness more complex perhaps than one of arbitrariness or discriminatoriness in the administration of other substantive or procedural rights provided by the state. Thus, an attack in the federal courts upon the amount of bail fixed by a state court as a question of constitutional violation is not without difficulty, although it is, of course, not an impossible task. It cannot, however, be compared to seeking to have a higher federal court hold that an error of judgment has been committed in the amount of bail fixed by a federal trial court.

■ Although it is not of significance in the present situation, there should perhaps be added to what has been said above, in order not to leave a doubt, that it has always been accepted that, beyond the purpose of assuring presence at trial, a state court may in a particular situation make denial or postponement of the general right to bail where this rationally appears to be necessary to prevent a threat or likelihood of interference with the processes of investigation or the orderliness of trial as to the matter involved.

The application to have a certificate of probable cause issued by a judge of this Court is denied.