ROBERT P. RUSSELL, Corporation Counsel, Milwaukee County
You have conveyed for my opinion Chief Judge Foley's question as to whether the judges having jurisdiction over misdemeanors may adopt rules enabling law enforcement officers to accept surety bonds for, or a 10 percent cash deposit of, the amount specified in a misdemeanor bail schedule.
On December 21, 1972, the Milwaukee County judges having misdemeanor jurisdiction adopted a misdemeanor bail schedule in accordance with sec. 969.06, Stats. The rules governing application of the schedule were as follows:
 "The following Misdemeanor bail schedule is adopted effective immediately for use in all Misdemeanor offenses excepting all offenses covered by the Uniform Wisconsin Bond Schedule which shall remain the same.
 "1. The bail in all cases shall be in accordance with the attached schedule.
 "2. A surety bond will be required in the following cases:
 "a. The Defendant has not been a resident of the State of Wisconsin for at least the preceding year.
 "b. The Defendant has a capias for nonappearance on his record.
 "c. The Defendant has a criminal action pending before any Court in Milwaukee County *Page 242 
 "3. The commanding officer shall have the authority within the above framework to require a 10 per cent cash deposit bond (minimum of $25.00) for any individual not falling into the categories described in Paragraph 2 above.
 "This bail schedule shall supersede all previously set bail schedules."
As I understand it, sometime thereafter, Chief Judge Foley expressed concern that the authority conferred on law enforcement officers by sec. 969.07, Stats., may be limited to accepting only cash for the full amount specified on the misdemeanor bail schedule when releasing an accused without an appearance before a judge. Evidently, this concern prompted the judges to adopt new rules for applying the bail schedule pending an opinion from this office. New rules were adopted on May 31, 1973. The numbered paragraphs of the December, 1972, rules are replaced with what follows:
 "The officer shall accept only cash pursuant to the bail schedule attached hereto."
Section 969.07, Stats., authorizes Wisconsin law enforcement officers to take bail once the conditions thereof, either for a particular offense or an individual defendant, have been judicially set. Section 969.06, Stats., requires county judges having jurisdiction over misdemeanors to adopt by rule a schedule of cash bail for all misdemeanors. It is clear that the legislature intended such bail schedules to constitute the setting of bail conditions for misdemeanors in advance so as to permit law enforcement officers to take bail pursuant to sec.969.07, when an accused misdemeanant cannot be promptly taken before a judge for a bail determination pursuant to sec. 969.02, Stats.
The note following sec. 969.06, R.S. 1969, states:
 "NOTE: This section, which applies only to misdemeanors, is designed to insure the right of a defendant to a prompt determination of bail when he cannot be taken before a judge immediately upon his arrest. In traffic matters, bail schedules have been utilized successfully in the state for many years. See s. 8.02 (1) of the ALI Model Code of Pre-Arraignment Procedure." Ch. 255, sec. 63, Laws of 1969. *Page 243 
It is my opinion that law enforcement officers may be authorized by judicial rule to accept surety bonds for, or 10 percent cash deposits of, the amount specified in a misdemeanor bail schedule. However, such rules may not afford officers discretion as to the amount or form of bail an individual accused must post.
My opinion is founded on the distinction generally made between the judicial and ministerial aspects of bail administration. Admitting an accused to bail and establishing the terms therefor is generally regarded as an entirely different act from the taking, accepting, or approving of bail after its allowance. The former is a judicial function and the latter a ministerial function which may be performed by any authorized official. See 8 C.J.S. Bail, sec. 38.
Section 969.06, Stats., is a judicial element of misdemeanor bail administration. The statute does not specify what the bail shall be. It simply requires that every county have a cash bail schedule. The "cash bail" phraseology does not, in my opinion, preclude judges from exceeding the minimum requirement by establishing rules specifying circumstances under which officers must allow accused misdemeanants to post surety bonds rather than cash. Similarly, sec. 969.06 does not preclude judges from establishing rules specifying circumstances under which officers must allow misdemeanants to post a 10 percent cash deposit in lieu of the full schedule amount. In essence, judges may establish rules pursuant to which officers must take the various forms of bail authorized in sec. 969.02, Stats. Once a bail schedule and the rules for applying it are adopted, the judicial function of setting bail conditions for persons who cannot be promptly taken before a judge is complete.
Section 969.07, Stats., falls within the ministerial aspects of misdemeanor bail administration. It merely delegates ministerial authority enabling law enforcement officers to take bail once the conditions thereof have been judicially set. It provides, in part:
 "When bail conditions have been set for a particular offense or defendant, any law enforcement officer may take bail in accordance with ss. 969.02 and 969.03 and release the defendant to appear in accordance with the conditions of the appearance bond. . . ." (Emphasis supplied.) *Page 244 
The reference in sec. 969.07 to secs. 969.02 and 969.03, Stats. (both of which allow surety bonds), militates against the inference that officers may only take cash bail. An officer's authority to approve and accept a surety bond rather than cash should not depend on whether bail was judicially set pursuant to sec. 969.02, or sec. 969.06, Stats. Approving a surety bond is just as ministerial as taking cash so long as the officer has no discretion as to which he will take. 8 C.J.S. Bail, sec. 41, provides the general rule:
 "Where an accused has been admitted to bail by the proper court or officer, the act of taking and approving the bail bond in accordance with the court's order has been held to be a ministerial act which may be delegated, without statutory authority . . ." 8 C.J.S. at 115.
Although there is no Wisconsin case law precisely on point, 40 OAG 101 (1951), states in accord:
 "While in the case of Gregory v. State, supra, an act authorizing a ministerial officer, that is, a clerk of court, to fix the amount of bail and to accept it, was held unconstitutional and void, the same case recognizes that approving and accepting bail after it has been fixed by competent authority is a ministerial act and may be performed by the sheriff or other competent officer. This case expressly recognizes that the amount of a bond may be fixed by the terms of the statute." 40 OAG at 102.
It bears particular emphasis, however, that the authority conferred on officers by sec. 969.07, Stats., is expressly limited to taking bail which has been judicially set. The general rule regarding delegation of judicial authority in the context of bail administration is as follows:
 "The allowance of bail and fixing the amount thereof being judicial acts, in the absence of statute providing otherwise, the court or judicial officer vested with such power cannot delegate it to another." 8 C.J.S., supra, at 115.
Our legislature has not authorized judges to delegate their authority to fix the amount or form of bail. Accordingly, a schedule or rule which allowed officers to exercise any discretion with respect to the *Page 245 
amount or form of bail would constitute an unlawful delegation of judicial authority.
The December, 1972 rules set out above are clear with respect to when a surety bond is required. But they are ambiguous regarding persons who do not fall within the criteria of paragraph 2. If the intent of paragraph 3 is to afford officers discretion in determining whether an accused must post full cash bail pursuant to the schedule or merely a 10 percent deposit, the rules constitute an unlawful delegation of judicial authority. The practical effect of such discretion is a delegation of the judicial function of fixing the amount of bail for individual misdemeanants. If, however, the intent is to allow all persons not falling within paragraph 2 to post a 10 percent deposit of the schedule amount, paragraph 3 should be revised to state that intent more clearly. The practical effect then would be a schedule with bail amounts designed to secure appearances of higher risk persons (i.e., those enumerated in paragraph 2), but which allows low risk persons to simply pay a 10 percent cash deposit of the schedule amount.
RWW:DCM:CAB