John H. HUGHES, Petitioner,

v.

Charles KARR et al., Respondents.

No. FS–75–178–C.

United States District Court,
W. D. Arkansas,
Fort Smith Division.

Feb. 10, 1976.

---

James M. Dunn, of Warner & Smith, Fort Smith, Ark., for petitioner.

Jim Guy Tucker, Atty. Gen., by Gary Isbell, Asst. Atty. Gen., for respondent.

## MEMORANDUM OPINION

PAUL X WILLIAMS, Chief Judge.

In this case the Petitioner, John H. Hughes, seeks habeas corpus relief pursuant to 28 U.S.C. § 2254, contending that he is being held in the Sebastian County Jail on excessive bail and that he has been denied the right to a speedy trial. On January 28, 1976 a full evidentiary hearing was held and the Court, being appraised of the facts, hereby finds that the petition is without merit.

On November 18, 1975, Mr. Hughes was allowed to file in forma pauperis a "Civil Action Complaint," against Charles Karr, the prosecuting attorney for Sebastian County Circuit Court. As his complaint was not patently frivolous the Court appointed an attorney to assist Mr. Hughes pursue his cause of action involving both Civil Rights and habeas corpus under 28 U.S.C. § 2254. In December, 1975, Mr. Hughes informed the Court that he no longer wished to continue his 42 U.S.C. § 1983 action, but desired to maintain the habeas corpus action.

Since the determination concerning issuance of the writ depended on facts outside the record, on the 28th day of January, 1976, an evidentiary hearing was held at which sixteen persons other than the Petitioner testified.

## EXCESSIVE BAIL

Petitioner contended that he was an indigent denied his right to liberty by the State's requiring bail of $50,000.00. Since setting bail is a matter in which State officers have discretion, this Court cannot find that the Petitioner has been denied his right to bail, his right to counsel, or his rights under the Due Process and/or Equal Protection Clause unless ". . . [w]hat the State court does, [is] beyond the range within which judgments could rationally differ . . . ." *Mastrian v. Hedman*, 326 F.2d 708, 711 (8th Cir. 1964).

In determining whether the bail was so excessive that reasonable minds could not differ, the Court has first considered the seriousness of the charge.

Mr. Hughes is being held to stand trial for murder in the first degree. Though murder is not at present a capital offense in the State of Arkansas and the Petitioner has a right to be free on bail for non-capital offenses, the Court is aware that the crime with which he is charged is extremely serious.

The Court has also considered the quality and quantum of evidence which the State has available to use to support its charge of murder in the first degree. Having heard some fifteen of the witnesses who have been subpoenaed by the State to testify in Petitioner's state murder trial, the Court concludes that the evidence will be sufficient for the State to make a prima facie case.

Next, the Court considered Petitioner's financial condition. Though he states he is incapable of raising $50,000.00, the Court notes that by employing the services of a bail bondsman, the Petitioner need only raise $5,000.00. On the day that Petitioner allegedly shot Jason Crutchfield, Petitioner fled to Canada. He was accompanied by Rocky Simco Barr. As Mr. Barr returned to Arkansas, he lent the Petitioner $200.00. At the hearing the Petitioner called several

friends as character witnesses. The Court cannot tell whether Mr. Hughes failed to ask the friends to lend him some of the money required or whether Hughes asked but was turned down. The Court notes that the State may "properly require bail in some amount, and the mere fact that an accused is unable to furnish it in any sum, and so wants to be released on his own recognizance, does not present a federal question." *Pilkington v. Circuit Court of Howard County, Missouri,* 324 F.2d 45, 46 (8th Cir. 1963).

■ As the purpose behind the requirement of bail is to assure the accused's presence in Court, we have attempted to evaluate the likelihood that Mr. Hughes would present himself for trial should he be released on lesser bail. The Court notes that Hughes fled to Canada on the day he allegedly killed Jason Crutchfield and that he remained absent from the State of Arkansas for one and one-half months. Though Mr. Hughes presented himself to Alaska authorities, the Court finds that the State would be reasonable in assuming that Hughes might again flee from Arkansas.

■ For these reasons, the Court concludes that the required bail of $50,-000.00 is not so excessive as to be beyond the range in which reasonable minds could differ. Therefore, as regards bail Mr. Hughes has not been deprived of constitutional rights and his petition for a writ of habeas corpus based on that contention should be denied.

## SPEEDY TRIAL

■ Under the Sixth Amendment, the accused in criminal prosecutions has a right to a speedy trial. In *Klopfer v. North Carolina,* 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967) the United States Supreme Court established that the right to a speedy trial is fundamental and is imposed on the States by the Due Process Clause. In *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) the Court adopted a balancing test to determine whether the speedy trial right had been violated. The Court identified some of the factors to be considered as: (1) length of delay, (2) the government's reason for the delay, (3) whether and how an accused asserts his right, and (4) prejudice to the defendant.

The Court finds that the Petitioner is charged with having committed a crime on July 13, 1975. The information charging him with the commission of the crime was filed on July 16, 1975. Mr. Hughes fled to Canada on July 13, where he remained until August 1, 1975.

■ On August 1, Mr. Hughes testified that he presented himself to a state trooper in Alaska. He remained incarcerated in Alaska until September 28, 1975, when the Sebastian County Sheriff appeared and brought him back to Arkansas, where he now remains in custody. As the crime with which Mr. Hughes is charged is not a complex conspiracy charge (*see Barker v. Wingo, supra,* at 531, 92 S.Ct. 2182), or a case dependent on the eyewitness account of only a few persons, (*see United States v. Butler,* 426 F.2d 1275 (1st Cir. 1970)), we find that the length of delay is not so great as to the "virtually inexcusable," but great enough to warrant an inquiry into other factors.

The delay results from many causes. The Court finds that Mr. Hughes's actions in fleeing to Canada and Alaska are responsible in part for his two months incarceration in Alaska. The State must also be charged with some responsibility for failing to bring Mr. Hughes back to Arkansas sooner.

The State prosecuting attorney testified that during October, November and December, all criminal cases tried in Sebastian County Circuit Court were drug related offenses requiring the presence of State drug experts and authorities. Only drug cases were tried during that term of court to reduce expense and to accommodate other circuit courts who, in turn, have the services of the State drug team made available to them. The Court finds that this reason is not to be

weighed too heavily against the State. As only one person was tried during that term who had been arrested after Mr. Hughes came into custody in Alaska, it appears that the real reason for the delay of Mr. Hughes's trial has been the more neutral one of an overcrowded court docket. There is nothing in the record to suggest that the delay was a deliberate attempt to hamper the defense.

█ The next factor to be considered is the accused's assertion of his right. It does not appear that the Petitioner has demanded a speedy trial from the State. Though an accused will not lose his right to a speedy trial merely by failing to make a demand on the state, his assertions of his right are a factor to be considered. The Court notes that Petitioner's trial was set to begin on January 29, 1976, as soon as he filed this petition for habeas corpus alleging a denial of his right to a speedy trial. This fact can be read to show both a previous lack of diligence on the part of the State and also readiness of the State to comply once a trial is demanded.

█ There is always prejudice to an accused when he remains incarcerated awaiting trial and the trial is delayed. *Moore v. Arizona*, 414 U.S. 25, 26, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973). However, the prejudice suffered by Mr. Hughes does not directly affect his right to present a meritorious defense at trial. Having heard substantially the same witnesses who will likely testify in Mr. Hughes's State murder trial, this Court finds that there has been little loss of memory by the eyewitnesses and that no witness which Mr. Hughes seeks to employ to show self-defense has become unavailable due to the length of time he has been held without trial. *See United States v. Green*, 526 F.2d 212 (8th Cir. opinion filed December 2, 1975).

Having found that Petitioner's rights to a speedy trial have not been violated, we now examine if the delay has violated the Arkansas speedy trial provisions.

The Arkansas Rules of Criminal Procedure were adopted as amended on December 22, 1975, to become effective January 1, 1976. Rule 1.7(b)(i) provides that the rules "shall apply to all criminal proceedings commenced prior to the effective date hereof but still pending on such date." However, Rule 1.7(c) provides that the "proceedings or procedural matters which occurred prior to the effective date thereof  .  .  ." are not rendered ineffective by adoption of the new rules.

Rule 28.1(a) provides:

Any defendant charged with an offense in circuit court and committed to a jail or prison in this state shall be brought to trial before the end of the second full term of the court, but not to exceed nine (9) months, from the time provided in Rule 28.2.

Rule 28.2 provides that the time for trial commences to run from the date the charge is filed.

The Arkansas rule in effect before January 1, 1976 provided that:

If any person indicted for any offense, and held to bail, shall not be brought to trial before the end of the third term of the court in which such indictment is pending, which shall be held after the finding of such indictment, and such holding to bail on such indictment, he shall be discharged, so far as related to such offense, unless the delay happened on his application.

Ark.Stats.Ann. 43–1009.

█ As the information charging the Petitioner was filed on July 16, 1975, and as there has only been one full term of court to expire in addition to the term in which the information was filed, neither the pre-1976 speedy trial rule nor the new rule has been breached.

Since the Petitioner has not been deprived of the right to a speedy trial guaranteed by the State of Arkansas or

by the United States Constitution, his petition must be dismissed.[1]

## EXHAUSTION OF STATE REMEDIES

As to Hughes's contention concerning excessive bail, the record establishes that Hughes filed a motion for reduction of bail in Sebastian County Circuit Court. His motion was denied and he failed to appeal the denial to the Arkansas Supreme Court. It does not appear that Hughes ever made demand on the State concerning his right to a speedy trial.

Hughes argued that he was not required to appeal the order denying bail reduction or to make demand for a speedy trial because his state appointed counsel, the Public Defender, Hon. Don Langston, would be the person to aid him in these procedures and that Mr. Langston was so prejudiced against the Petitioner that his assistance would be meaningless. This argument will not be accepted by the Court. Hughes has filed in this Court several civil rights suits and habeas corpus petitions which were prepared by himself with no assistance of counsel. As there is no requirement under Arkansas law that an appeal or a petition for a writ of habeas corpus be prepared with the assistance of counsel, we do not think that Petitioner has exhausted his state remedies. Petitioner had not been tried when his 28 U.S.C. § 2254 petition was filed or when the evidentiary hearing was held, and Petitioner had chosen not to raise the issue of the effectiveness of his state appointed counsel. As Mr. Langston's effectiveness in the State proceedings is not before the Court, and as Mr. Hughes has not alleged that he has been denied his constitutional right to counsel, we hold that Petitioner has available to him a state remedy and that he has not shown that it would be futile for him to pursue such remedies.

Comity usually requires that a state be given the first opportunity to determine if a person in its custody is being held in violation of the Constitution of the United States. Mr. Hughes contended that his petition not be dismissed for failure to exhaust state remedies as above explained. As it was necessary to hold a hearing to determine the validity of Mr. Hughes's argument, the Court also heard the petition on its merits. Though a petition which is dismissed for failure to exhaust state remedies is usually dismissed without prejudice, in this case the Court has heard evidence concerning all issues raised by the Petitioner and found them to lack merit. Therefore, the petition should be dismissed with prejudice.

The Court has also considered whether Petitioner is entitled to relief under any other provision of 28 U.S.C. § 2254 and finds that he is not. However this ruling does not affect any possible right he may have to challenge at a proper time his incarceration on the grounds that he was denied the right to effective assistance of counsel.

1. This Court is now aware that Petitioner stood trial on January 29, 1976, and was convicted of murder in the second degree on January 30, in the Circuit Court of Sebastian County, Arkansas.