**Application of Perry FLOYD for a writ of habeas corpus.**

**Civ. No. R–76–41 BRT.**

United States District Court,
D. Nevada.

April 7, 1976.

Warren W. Goedert, Rice & Goedert, Reno, Nev., for petitioner.

Robert List, Atty. Gen., Carson City, Nev., for defendant.

## ORDER

BRUCE R. THOMPSON, District Judge.

Petitioner has filed a petition for a writ of habeas corpus. He challenges the constitutionality of NRS 178.484(3) which grants a sheriff or chief of police the discretion of releasing, without bail, a person who has been arrested and charged with a misdemeanor provided that person has had no prior convictions. Petitioner alleges that he has had no prior conviction, that he was charged with a misdemeanor, that he requested release without bail and that he was denied release under those conditions.

Petitioner contends that the Legislature, in granting the sheriffs and chiefs of police unfettered discretion respecting bail decisions in some cases, has unconstitutionally usurped a judicial function. Petitioner further contends that the statute is unconstitutional as applied because persons in situations similar to that of Petitioner have been released without bail.

Petitioner has exhausted state remedies since his application for a writ of habeas

corpus in the state court was denied and the Nevada Supreme Court dismissed an appeal of that decision.

■ A federal court has the authority to consider an application for a writ of habeas corpus submitted by a defendant who is in custody but who has not yet been convicted and sentenced. *In re Loney,* 134 U.S. 372, 376, 10 S.Ct. 584, 586, 33 L.Ed. 949, 951 (1890). Further, a defendant released on bail or on his own recognizance is "in custody" within the meaning of 28 U.S.C. §§ 2241(c)(3) and 2254(a). *Hensley v. Municipal Court,* 411 U.S. 345, 93 S.Ct. 1571, 36 L.Ed.2d 294 (1973).

■ It is true, as Petitioner contends, that granting bail and fixing its amount are judicial or quasi-judicial functions. *Berkowitz v. United States,* 90 F.2d 881 (8th Cir. 1937); 8 C.J.S. Bail § 39 at 102. Petitioner mistakenly assumes, however, that there is some constitutionally based reason for the judicial nature of the duty of granting and fixing bail.

■ Article III of the United States Constitution defines and describes the judicial power of the United States. There is nothing in that Article which assigns the bail granting and fixing function to the courts. Generally, in the absence of a constitutional provision, the Legislature has power to define the jurisdiction and powers of the courts. 48 C.J.S. Judges § 40 at 1005. That is also true with respect to bail. See, e. g., 18 U.S.C. § 3141.

■ The Nevada Legislature has decided to assign the pre-trial release decisions to sheriffs and chiefs of police in narrowly defined instances. That decision is not constitutionally infirm. The State of California has a similar statute (West's Ann.Pen. Code, § 853.6(a, i)), and that statute has been upheld by the California state courts. *People v. Superior Court,* 30 Cal.App.3d 257, 106 Cal.Rptr. 211 (1973). We conclude that the Legislature has not usurped a judicial function by granting to local executives the power to make decisions regarding pre-trial release in some circumstances.

The next question is whether Petitioner was denied equal protection when the Sheriff refused to release him without bail.

In enacting NRS 178.484(3), the Nevada Legislature was careful to use the word "may" rather than "shall" in the phrase "where a person with no prior conviction * * * is charged with a misdemeanor he may be released without bail at the discretion of the sheriff." In choosing the language it did, the Legislature conferred discretion on sheriffs with respect to bail decisions to the same extent it conferred discretion on judges under other statutes.

■ An arrestee does not have a right to be released in any given situation without bail. See *Koen v. Long,* 302 F.Supp. 1383 (E.D.Mo.1969), affirmed, 428 F.2d 876 (8th Cir.). By their nature, bail decisions involve the drawing of fine lines and the making of close decisions. While it may superficially appear that some defendants similarly situated with others are treated differently concerning bail decisions, usually there are differences in individual cases which require different decisions. To establish a claim that is cognizable in a habeas corpus proceeding, the petitioner must show that the discretionary statute is being administered in an arbitrary and discriminatory manner. *Mastrian v. Hedman,* 326 F.2d 708 (8th Cir. 1964).

In the present case, Petitioner has alleged only that he was not released without bail and that others who are ostensibly in his situation have been released without bail. But the Fourteenth Amendment recognizes that difficult decisions must be made concerning the granting and fixing of bail. In *Mastrian, supra,* the Court said:

"A federal court would not be entitled to act in substitution of judgment for that of the state court. What the state court did would have to be beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation. It would have to amount in its effect to legal arbitrariness in the administration of the bail

right provided, so as to constitute a violation of due process, or to discriminatoriness in the application of the right as against petitioner, so as to constitute a violation of equal protection." Id. at 711.

Applying the standard expressed in *Mastrian, supra,* we conclude that Petitioner has not stated a claim on which relief can be granted. His allegations that NRS 178.484(3) is administered in an arbitrary manner are wholly conclusory. He has alleged no facts from which this Court could conclude that the Sheriff in this case abused the discretion duly delegated to him by the Legislature. In a habeas corpus proceeding, facts must be alleged to support general allegations. Cf. *LaVallee v. Delle Rose,* 410 U.S. 690, 93 S.Ct. 1203, 35 L.Ed.2d 637 (1973); *Place v. Shepherd,* 446 F.2d 1239, 1244 (6th Cir. 1971). Specifically, we note that Petitioner has not alleged that he was denied bail entirely or that the amount of bail required was excessive.

Thus, it is the conclusion of this Court that Petitioner has not alleged sufficient facts showing that the treatment afforded him was "beyond the range in which judgments could rationally differ" within the meaning of *Mastrian.* See *Bowring v. Cox,* 334 F.Supp. 334 (W.D.Va.1971); *United States ex rel. Shakur v. Commissioner,* 303 F.Supp. 303 (S.D.N.Y.1969). Accordingly,

*IT HEREBY IS ORDERED* that the petition for a writ of habeas corpus is hereby denied, with leave to file an amended petition within twenty (20) days from the date of this order.