Mark SYARTO, Plaintiff,

v.

Thomas BAKER et al., Defendants.

Civ. A. No. 77–C–490.

United States District Court,
E. D. Wisconsin.

Nov. 14, 1980.

Curry First, Milwaukee, Wis., for plaintiff.

Terry E. Johnson, Milwaukee, Wis., for defendants.

## DECISION AND ORDER

REYNOLDS, Chief Judge.

This is a suit for damages under 42 U.S.C. § 1983 arising out of the incarceration of the plaintiff for eight hours for civil ordinance violations. This court has jurisdiction pursuant to 28 U.S.C. § 1343(3) and (4).

The case was tried to a jury for three days beginning on July 29, 1980. On August 4, 1980, the jury returned a special verdict finding that (1) Thomas Baker was not liable to the plaintiff for (a) using excessive force against the plaintiff, or (b) failing to prevent others from using excessive force against the plaintiff, or (c) denying the plaintiff release from jail; (2) Thomas Wollach was not liable to the plaintiff for (a) using excessive force against the plaintiff, or (b) failing to prevent others from using excessive force against the plaintiff; and (3) Kenneth Liefler deprived the plaintiff of his constitutional rights by denying the plaintiff release from jail in accordance with an established procedure or policy of the City of West Allis Police Department. In addition, the jury calculated the compensatory damages of the plaintiff to be $50 and assessed punitive damages in the amount of $1,000 against the City of West Allis for denial of the plaintiff's release from jail. Currently before the court is the defendants' motion for judgment notwithstanding the verdict ("j.n.o.v.").

The record of this action reveals the following. Shortly before 1:00 A.M. on July 8, 1976,[1] the West Allis Police Department dispatched two policemen, the defendants Thomas Baker and Thomas Wollach, pursuant to a telephone complaint received by that department to investigate a noise complaint at or about 965 South 62nd Street, West Allis, Wisconsin. The defendants arrived upon the scene at approximately 1:00 A.M. and observed the plaintiff, who was in the company of two friends, Richard Woods and Robert Fults, removing and replacing his automobile's flat tire. The defendant Baker first spoke to the plaintiff while the plaintiff was upon the ground changing the flat tire. During the conversation that ensued the plaintiff, who had been drinking, became verbally abusive and then was arrested by Baker and was charged with disorderly conduct. His friends were also arrested and charged with disorderly conduct. At the police station, the plaintiff was charged with resisting arrest. Both charges made against the plaintiff were civil ordinance charges made pursuant to the ordinances of the City of West Allis, Wisconsin, and were subsequently dismissed by West Allis Municipal Justice Lucas on July 31, 1976.

The plaintiff was incarcerated at the West Allis Police Station from approximately 2:00 A.M. until 10:00 A.M. Upon his arrival at the police station, the plaintiff was physically and verbally uncooperative with the police. This disruptive conduct led to Sergeant Liefler's decision not to afford either the plaintiff or his friends the opportunity to post bail and to obtain release from incarceration. Moreover, Sergeant Liefler determined that neither the plaintiff nor his friends should be afforded the

1. Unless otherwise specified, all times mentioned in this opinion refer to times on July 8, 1976.

opportunity to make a telephone call.[2] The plaintiff and his friends loudly and vigorously protested Sergeant Liefler's decisions, and when placed in their jail cell, the plaintiff and his companions began to shout. This shouting, of course, only led to continued incarceration. The shouting by the plaintiff and his companions lasted until approximately 3:00 A.M. when they fell asleep in their jail cell. At 9:00 A.M. the plaintiff was permitted to telephone his parents who came to the police station, posted bail for the plaintiff, and obtained his release from jail at approximately 10:00 A.M.

The test for the propriety of j.n.o.v. is the same as that for a directed verdict:

"* * * Simply stated, it is whether the evidence is such that, without weighing the credibility of the witnesses or otherwise considering the weight of the evidence, there can be but one conclusion as to the verdict that reasonable men could have reached. * * *" *Simblest v. Maynard*, 427 F.2d 1, 4 (2d Cir. 1970).

In determining whether the evidence is sufficient to support the verdict, the Court is not free to weigh the evidence, pass on the credibility of the witnesses, or to substitute its own judgment for that of the jury. 9 Wright & Miller, Federal Practice and Procedure § 2524, at 543–544 (1971). The Court may direct entry of j.n.o.v. "* * * ' "only when the evidence gives rise to no dispute as to the material issues or only when the evidence is so clear and convincing as reasonably to permit unbiased and impartial minds to come to but one conclusion." '* * *" *DeSantis v. Parker Feeders, Inc.*, 547 F.2d 357, 360 (7th Cir. 1976), citing *Anderson v. Joint School District*, 24 Wis.2d 580, 583, 129 N.W.2d 545, 547 (1964).

In the instant case it was the testimony of defendants Baker and Wollach as well as Sergeant Liefler that a person accused of an ordinance violation will be incarcerated and will not be permitted to post bail if that person is not in a fit condition to care for his own safety or if he would constitute a danger to the safety of others. Nonetheless, the jury could have concluded that it was also West Allis Police Department policy that a person accused of an ordinance violation will be incarcerated and will not be permitted to post bail or to make a telephone call as long as that person is disruptive and has not quieted down. This Court cannot say that the jury's actual conclusion that Sergeant Liefler knowingly denied the plaintiff release from jail in accordance with an established procedure or policy of the West Allis Police Department was unsupported by credible evidence.

The question then becomes whether the defendants' acts and conduct deprived the plaintiff of his federal constitutional rights not to be denied or deprived of his liberty without due process of law. Under Wisconsin law, Sergeant Liefler was entitled to incarcerate the plaintiff until he could be brought before a magistrate if he believed that the plaintiff was not in a fit condition to care for his own safety or would constitute, because of his physical or mental condition, a danger to the safety of others. Section 969.07, Wis.Stats. (1977). Furthermore, no person arrested on any basis has any automatic constitutional right to immediate bail. *United States ex rel. Rainwater v. Morris*, 411 F.Supp. 1252 (N.D. Ill.1976); *Mastrian v. Hedman*, 326 F.2d 708 (8th Cir. 1964), cert. denied 360 U.S. 965, 84 S.Ct. 1128, 11 L.Ed.2d 982; *United States ex rel. Hyde v. McMann*, 263 F.2d 940 (2d Cir. 1959), cert. denied 360 U.S. 937, 79 S.Ct. 1462, 3 L.Ed.2d 1549 (1959); *Quinn v. State*, 50 Wis.2d 101, 183 N.W.2d 64 (1970). The sole basis on which a constitutional claim can arise out of being held in jail without bail is by the arbitrary denial of bail. *United States ex rel. Keating v. Bensinger*, 322 F.Supp. 784 (N.D.Ill.1971); *United States ex rel. Rainwater v. Morris*, supra; *Pilkinton v. Circuit Court of Howell County, Missouri*, 324 F.2d 45 (8th Cir. 1963); *Mastrian v. Hedman*, supra.

The jury concluded that the defendants' decision not. to afford the plaintiff

---

2. Rule 25 of the West Allis Police Department provides in part: "Prisoners shall upon request be given telephone facilities for notifying their friends, relatives or counsel, as soon as circumstances permit."

either the opportunity to post bail or the opportunity to make a telephone call to obtain release from incarceration was an arbitrary denial of the plaintiff's constitutional rights. Based on the record in the instant case, this Court cannot say that the jury's actual conclusion was unsupported by credible evidence. There was credible evidence from which the jury could have actually concluded that the plaintiff was held in jail until he had quieted down and not for the reason that he was unfit to care for his own safety or was a danger to the safety of others. There was also credible evidence from which the jury could have concluded that the defendants' denial of plaintiff's right to make a telephone call, as provided in Rule 25 of the West Allis Police Department, was arbitrary. Accordingly, the jury's judgment that the evidence in the case entitled the plaintiff to recover for damages must be sustained.

IT IS THEREFORE ORDERED that the defendants' motion for judgment notwithstanding the verdict is DENIED.