ROBERT D. ZAPF, District Attorney Kenosha County
You have asked for my opinion whether a portion of section969.07, Stats., is constitutional and whether a local law enforcement practice of denying misdemeanor arrestees release on bail is valid under that statute.
Section 969.07, with the questioned portion emphasized, provides:
 Taking of bail by law enforcement officer. When bail has been set for a particular defendant, any law enforcement officer may take bail in accordance with s. 969.02 and release the defendant to appear in accordance with the conditions of the appearance bond. Bail shall not be required of a defendant who has been cited for commission of a misdemeanor in accordance with s. 968.085. The law enforcement officer shall give a receipt to the defendant for the bail so taken and within a reasonable time deposit the bail with the clerk of court before whom the defendant is to appear. Bail taken by a law enforcement officer may be taken only at a sheriff's office or police station. The receipts shall be numbered serially and shall be in triplicate, one copy for the defendant, one copy to be filed with the clerk and one copy to be filed with the police or sheriffs department which takes the bail. This section does not require the release of a defendant from custody when an officer is of the opinion that the defendant is not in a fit condition to care for his or her own safety or would constitute, because of his or her physical condition, a danger to the safety of others. If a defendant is not released under this section, s. 970.01 shall apply.
Your questions have been prompted by the procedure used by the Kenosha County Sheriff's Department and the Kenosha Police *Page 210 
Department in which the arresting officer requests that the person arrested for a misdemeanor be denied bail and be taken before a judge within a reasonable time pursuant to section970.01.
The request form that is completed by the officer states:
 I hereby request that Bail on the above charges be denied this subject and that he/she be held until he/she can be taken before a Judge pursuant to Section 970.01 of the Wisconsin Statutes.
 It is the opinion of the arresting officer that this subject is not in a fit condition to care for his or her own safety or would constitute a danger or safety to others because:
In the form the arresting officer is required to give his or her reasons that release should be denied; and the request is reviewed by a supervising officer.
In questioning the legality of this practice under section969.07, you have expressed concern that the denial of bail without any objective standards and without assurance that the accused will be taken before a judge within a reasonable time amounts to preventive detention, that is, the denial of liberty to a presumably innocent person.
Compliance with section 969.07 should alleviate these concerns. The statute provides objective criteria because it permits an officer to deny release only when "the defendant is not in a fit condition to care for his or her own safety or would constitute, because of his or her physical condition, a danger to the safety of others." Thus, the accused can be denied release only when his or her condition poses the problem. An officer acting in compliance with these criteria does not deprive the accused of liberty without due process of law in violation of the accused's federal constitutional rights. See Syarto v. Baker, 500 F. Supp. 888,890-91 (E.D. Wis. 1980).
Compliance with the statute also assures that the accused will not be detained for an unreasonably long time. The accused should be released as soon as the condition requiring the detention subsides to the point that the accused can care for his or her own safety and to the point where the accused is no longer, because of his or her condition, a danger to the safety of others. However, if the condition persists, the accused is protected because the last sentence of section 969.07 requires that any person not released under the section must be taken before a judge within a reasonable time *Page 211 
pursuant to section 970.01. The incorporation of section 970.01
adequately protects the accused's right to liberty since "no person arrested on any basis has any automatic constitutional right to immediate bail." Syarto, 500 F. Supp. at 890. Therefore, under the statute, the accused should be released when the condition subsides or he or she should be taken before a judge within a reasonable time after the arrest, whichever occurs first.
You also believe that the validity of section 969.07 is in doubt because of the following statement made in 63 Op. Att'y Gen. 241, 244-45 (1974): "Our legislature has not authorized judges to delegate their authority to fix the amount or form of bail. Accordingly, a schedule or rule which allowed officers to exercise any discretion with respect to the amount or form of bail would constitute an unlawful delegation of judicial authority."
This statement does not cast any doubt on the validity of section 969.07. The point of the statement is that the Legislature assigns the authority in regard to bail. The Wisconsin Court of Appeals has noted that "it is within the province of the legislature's police power to regulate who shall determine bail." Kahn v. McCormack, 99 Wis.2d 382, 388,299 N.W.2d 279 (Ct.App. 1980). The authority of the sheriff to take, accept or approve bail is limited to that conferred on him by statute. 8 C.J.S. Bailments § 40.b. (1962). Therefore, the officers are acting validly as long as they act in compliance with the authority vested in them by section 969.07
In regard to the practice of the sheriff's and the police departments in Kenosha, the officers have the authority to deny a person release on bail if the criteria set forth in section969.07 are satisfied. There is, however, a problem with the procedure employed in Kenosha County because the form used by the officers is not in compliance with the statute. Under the terms of the form, an officer can request denial of bail because the arrested person "would constitute a danger or safety to others." This reason for denying bail is not valid. The statute states that a person may be denied release if he or she constitutes a danger to the safety of others "because of his or her physical condition." The physical condition of the arrested person is the important qualifier that has not been included on the form the officers use. It must be included if the officers are to act in compliance with the objective criteria set forth in the statute. *Page 212 
The form should clearly require the arresting officer to state the reasons for denying release. If denial of the release is arbitrary or for any reason not provided for in the statute, the officers involved and the city or county could be liable. SeeSyarto, 500 F. Supp. at 891. Therefore, the arresting officer should set forth the facts that substantiate his or her belief that denial of release is authorized under the statute.
The form should be altered to indicate that the arresting officer is requesting denial of release only until the condition justifying the denial of release subsides or until the accused is taken before a judge pursuant to section 970.01, whichever occurs first.
You have also questioned whether section 969.07 is constitutional in light of section 969.035 and other unspecified provisions.
Apparently your concern is that the authority of the officer to deny the accused release under section 969.07 somehow conflicts with the authority of the court to deny the accused pretrial release under section 969.035. AS noted above, however, the Legislature regulates who shall determine bail; and the Legislature has passed both statutes. It is obvious that in creating section 969.035, the Legislature was aware of section969.07 because in the same law that created section 969.035, the Legislature amended section 969.07. See chapter 183, sections 9 and 13, Laws of 1981. The Legislature, therefore, did not believe that the authority of the officers conflicted with the authority of the courts.
Without an explanation of the constitutional problems that you perceive, it is difficult to further assess other possible constitutional challenges to the statute.
BCL:SWK *Page 213